INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.
C. G. CAPERS ET AL.

Decided October 21, 1903.

**1.—Damages—Profits of Business as Measure of.**

While, ordinarily, profits in a business are not recoverable as damages, yet there are circumstances, as in this case, when they are not only not remote, but constitute the only adequate measure. When the only entrance to a place of business is wrongfully closed up, and the patrons of the business are prevented from entering the premises, the natural and inevitable result must be a loss of profits in the business; and when, as in this case, the evidence affords a basis for estimating the amount of loss, damages should be awarded accordingly. Following Houston & T. C. Railway v. Luckey, 12 Texas Civ. App., 229.

**2.—Same.**

As against the contention that the plaintiff knew the road was to be constructed in front of his place of business, and could have declined re-lease, or terminated his lease at any time, the verdict was predicated upon the finding that the obstructions were unnecessary and negligent, and in no degree essential to the operation of the road. The plaintiff had the right to assume that the road would be constructed in a lawful and proper manner, and after his premises had been obstructed, he had the right to proceed on the assumption that they would not continue.

Appeal from the County Court of Falls. Tried below before Hon. W. E. Hunnicutt.

*N. A. Stedman, Martin & Eddins,* and *Waller S. Baker,* for appellant.

*Nat Lewellyn,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellee Capers, for some time prior to October 26, 1900, was engaged in running a wagon yard on the east side of the public square in Marlin, Texas. At that time the Calvert, Waco & Brazos Valley Railway Company (to whose rights and liabilities appellant has succeeded), having obtained authority from the city council of said city, constructed its railroad through said city, and along the street in front of said wagon yard.

The verdict of the jury implies a finding that in constructing said road in front of appellee's premises they unnecessarily and negligently obstructed the only entrance to his wagon yard with tools and embankments and the cut in which the track was laid, and that afterwards the entrance was obstructed by cars being left in front of said entrance, and by engines and trains switching along said street. This continued for several months, and resulted in rendering it very inconvenient, and at times impossible for the customers of appellee to get into his wagon yard with their vehicles, and in consequence his trade was diminished, and he lost the profits of his business to the amount found by the jury.

There is some conflict in the evidence as to whether appellee's lease was for a year or by the month, but we regard this as immaterial, the

fact being that he continued to occupy the premises during the time for which a recovery was sought.

The principal contention is that the measure of damages plead and submitted by the court, that is, the loss of profits in his business, was not the proper measure, it being insisted by appellant that the correct measure is the difference in the rental value of the premises.

The measure submitted by the court, in our opinion, was correct. While profits in a business are not ordinarily recoverable as damages, yet we believe that in this case they were not only not remote, but constituted the only adequate measure. When the only entrance to a place of business is wrongfully closed up, and the patrons of the business are prevented from entering the premises, the natural and inevitable result must be a loss of profits in the business; and when, in such case, the evidence affords a basis for estimating the amount of loss, admages should be awarded accordingly. Houston & T. C. Railway Co. v. Luckey, 12 Texas Civ. App., 229.

It is also contended that because appellee knew the road was to be built, and might have declined to rent the premises, and also because he could have terminated his lease at any time, he should not have recovered. The verdict, however, is predicated upon the finding that the obstructions were not necessary or proper in the construction and operation of the road, but, on the other hand, were unnecessary and negligent. Appellee had the right to assume that the road would be constructed in a lawful and proper manner, and after his premises had been obstructed, he had the right to proceed on the assumption that they would not continue, but would abandon their wrongful obstruction. Galveston, H. & S. A. Railway Co. v. Baudat, 51 S. W. Rep., 541.

Under the pleadings, there was no issue as to the value of the leasehold, and it was proper to exclude all evidence upon this subject.

We have found no error in the judgment, and it is accordingly affirmed.

*Affirmed.*