(19 Misc. Rep. 300.)

PEOPLE v. DOM PEDRO.

(Supreme Court, Special Term, Kings County. January, 1897.)

1. CRIMINAL LAW—ACCESSORY AFTER THE FACT.

To convict of being an accessory after the fact to a felony, it must be shown beyond a reasonable doubt that a principal felony was committed, and that the accused had knowledge of the facts, or reasonable ground to believe them, and, with such knowledge or belief, harbored, concealed, or aided the principal to escape or avoid arrest; and therefore an instruction that "there is only one element of doubt in the case," leaving the jury to infer that they should assume that a felony had been committed, is erroneous.

2. SAME—DEFINITION.

It is error to charge that to be accessory to a felony is "to shield a person who has committed a crime against the laws, and to aid him to escape from justice," since other crimes, such as subornation of perjury, come within the definition.

3. SAME—EVIDENCE—CHARACTER.

A charge is erroneous which gives the jury to understand that general evidence of the good character of the accused is not worth considering.

Dom Pedro was convicted of aiding in the escape of one guilty of larceny, and prays for a certificate of reasonable doubt. Granted.

J. W. Ridgway, for the motion.

F. L. Backus, Dist. Atty., opposed.

GAYNOR, J. I do not see how I may deny the defendant a certificate of reasonable doubt. He was convicted of the crime of being an accessory to an alleged felony by one Fino, in that he aided Fino to avoid or escape arrest therefor. That he might be convicted, the prosecution had to prove three things, viz.: (1) That the said Fino was guilty of the alleged principal felony, viz., the larceny of $250 from Giordino, the complaining witness in this

case; (2) that the defendant had "knowledge or reasonable ground to believe" that Fino was guilty of such felony, and liable to arrest; (3) that, having such knowledge or reasonable ground of belief, he harbored, concealed, or aided Fino, with intent that he might "avoid or escape from arrest." Pen. Code, § 30.

The jury were the sole judges of the facts, and each of these things had to be proved to them beyond a reasonable doubt to make out the crime. Nevertheless, the learned county judge stated to them, in opening his charge, as follows: "This is not a very difficult case for you to decide, although it has occupied the attention of the court all day;" and then added: "There is only one element of doubt in the case, and that is this: whether or not this defendant, on the day named in the indictment, was at Sheepshead Bay, with the intention merely to relieve his friend, honestly, who was in trouble, or whether he was there to shield a person who had committed a crime against the laws, and to aid him to escape from justice." The jury were thus told that there was no doubt in the case except upon this one head, involving the actions and the intent of the defendant; and yet, as has been pointed out, he could not be guilty unless Fino was, in fact, guilty of the said principal crime, viz., the larceny; and about that the jury might have had a reasonable doubt, had not the charge excluded it from doubt. It was for them, not the learned county judge, to say. There could be no accessory without a principal. It is true, the jury were later formally charged that they must be satisfied of the defendant's guilt beyond a reasonable doubt, but nowhere was the previous restriction as to what was subject to doubt enlarged or removed. In fact, the evidence leaves the guilt of Fino, the alleged principal, open to question, to say the least. The only testimony upon that head is that of the complaining witness, Giordino. All he says is that Fino came to his house at Sheepshead Bay, in the city of Brooklyn, and asked him if he knew a place to open a fruit stand; that he told Fino he knew such a place by the sea shore; that they went together to the landlord, who sent them to the police station, to get a permit of the captain; that the captain sent them to the city hall; that they went there together the next day, but could not find the man who attended to such matters; that they returned to Sheepshead Bay, and went again to the city hall the next day, with the same result; that then they met a friend of Fino's at a street corner; that all three went to a drinking saloon (for so the police detective testifies Giordino reported to the police); that Fino handed to him (Giordino) $250, saying: "We don't buy fruit for nothing. Do you think I want to deceive you?" that Giordino also had $250 with him, which he says he had to pay a bill; and, again, that he had it to get the permit and buy fruit; that Fino said to him: "Go and pay your money, and be here to-morrow;" that Fino then said to him to put the money all together in a handkerchief, as he might be robbed, and they did so, and gave it to him; and that five minutes afterwards he opened the handkerchief, and found only newspapers. Where the hand-

kerchief was meanwhile, whether on the bar or the table or floor, or how many were present, or who left first, or where he opened the handkerchief, the witness does not and was not asked to disclose. He says they together put the money into the handkerchief, and that it was given to him. This much is proved; he saw it done, and helped do it; but it seems to have been taken for granted upon the trial that this was not the case at all, but that, by sleight of hand, another handkerchief was substituted in the operation, or else paper, instead of the money, was put into the handkerchief, and the money kept by Fino. Was this the case, or did some one else take the money, and substitute the paper?

Of this portion of the charge, it is also to be noted that the words "to shield a person who had committed a crime against the laws, and to aid him to escape from justice," is not a correct definition of the crime charged. It conveys to the jury the idea that if the defendant had used any means to shield Fino, and enable him to escape justice, he was guilty of being an accessory. But this is far from being the law. One cannot be found guilty as an accessory to a felony except upon proof that he gave personal assistance to the felon, with intent to enable him to physically get away; such as to conceal him, to rescue him, to furnish him with a horse, and the like. Whart. Cr. Law, § 241; People v. Dunn, 53 Hun, 385, 6 N. Y. Supp. 805. That he endeavored to get the complainant to fail to identify, or to forget, or not to prosecute, or suborned witnesses, or the like, does not make out the crime. The jury were not told this, and the whole charge seems to be upon a contrary theory. The tenor and substance of the part which has been quoted is continued through the charge; and nowhere is the jury instructed that, in order to convict the defendant, they must find upon the evidence, beyond a reasonable doubt, that Fino was guilty of the alleged larceny. They are told to the contrary, in so many words, viz.:

"If you believe the complaining witness and his wife, you must find the defendant guilty as charged. The complaining witness is corroborated by his wife in every detail."

That Fino, the alleged principal, was guilty, is taken for granted. Of his guilt the wife knows nothing, not having been present at his alleged larceny. The learned judge refers to the occurrences at the house of the complaining witness, testified to by him and his wife, upon which the charge of aiding Fino to escape is based, and says husband and wife corroborate each other in every detail, (which seems not to be so upon the evidence), and that, if the jury believe them, they must convict. Apart from thus charging the jury that the question of the defendant's guilt depended wholly upon what occurred upon that occasion, it was for the jury to say whether the testimony of the husband and wife of what then there took place amounted to proof that the defendant aided Fino to escape. The court could not "rule" that the jury must convict upon it if they believed it.

The defendant called witnesses to prove his good character, touching which the learned county judge charged as follows:

"He also produces some evidence as to his good character. But, before the week passes, you will find that all these cases are to be decided upon the facts by twelve common-sense business men."

The jury are bound to consider evidence as to good character, and so highly is good character valued by the law that such evidence may of itself create the reasonable doubt which will require an acquittal; and yet the jury are told in plain effect that a week's experience in that court will teach them such evidence is not worth considering.

To return to the occurrences at the residence of the complaining witness, upon which the charge of aiding to escape is based, the evidence is by no means conclusive. The defendant went there in the daytime with Fino and two others, and apparently endeavored to get the complaining witness (Giordino) to refuse or fail to identify Fino as the one who had stolen his money. His going there openly with Fino tends to disprove that he was secreting him or aiding him to get away. It is claimed that Giordino and his wife separately made a movement to leave the house to call in a policeman to arrest Fino, and that the defendant prevented them, and thus aided Fino to escape arrest. But it appears that, after the conference was over, Fino and his party of three went away publicly, and that neither Giordino nor his wife followed them, or watched them, or went to the neighboring police station, or called a policeman, or gave an alarm, or did anything looking to an arrest. After reading the testimony of Giordino and his wife, I fail to find that they say that they said to or in the hearing of the party that they wanted to go out for the police. Neither says so. It was suggested by questions, but evaded rather than testified to. They may have wanted to go out for that purpose, as they say, but they do not seem to have disclosed such purpose. Indeed, the wife says expressly that she did not tell them that she wanted to go out at all, but that she wanted to go upstairs to dress herself, and was prevented. That any escape was intended or attempted seems also to be made doubtful by the fact that Fino did not go away, but was arrested a few days afterwards, under the warrant which had been issued before he went with defendant to the house of the complaining witness. There were no exceptions taken upon the trial, but it seems to me to have been at such variance with what our law requires a criminal trial to be that the defendant is in justice entitled to have it reviewed.

The certificate is granted.