## E. D. CROUCH v. THE STATE.

### No. 1362. Decided April 13, 1898.

**1.  Establishing Public Road by Condemnation Proceedings.**

The method of condemning private property for the purposes of a public road is prescribed by statute. Rev. Stats., arts. 4670 to 4715.

**2.  Same—Damages to Owner—Remedy for.**

Under section 17 of Bill of Rights, no person's property can be taken without his consent, for public use, unless upon adequate compensation. When a claim for damages is made, reviewers are appointed to assess the same, to be afterwards approved or not by the commissioners court, and, if the owner be not satisfied with the assessment allowed, he has his remedy by appeal, or if the condemnation proceedings are illegal, he may enjoin the same or sue the county for damages.

**3.  Same—Commissioners Court—Legislative Authority.**

The Legislature had the right to create the commissioners court a tribunal to condemn land, and also the right to prescribe the procedure in regard thereto.

**4.  Obstructing Public Road.**

After a public road is established, presumably in the manner pointed out by law, an owner of land which has been condemned for that purpose can not disregard the order of the commissioners court, although no damages or compensation has been allowed him, and it is no excuse for his obstruction of the road, by unlawful act, that he had advice of attorneys to the effect that the order establishing the road was void.

APPEAL from the County Court of Freestone. Tried below before Hon. W. M. WHITE, County Judge.

Appeal from a conviction for obstructing a public road; penalty, a fine of $1.

The opinion states the case.

*Bell & Williford* and *George A. Bell,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of obstructing a public road, and his punishment assessed at a fine of one dollar, and he appeals.

There is no question as to the obstruction of the certain road named in the information. The only question is whether or not the same was a public road. The record shows a petition for a public road of the second class; and it shows notice to appellant, Crouch, and others whose lands were to be affected by said road; shows the appointment of a jury of review, appellant's claim before them for damages, their review and return of said writ, and refusal to allow any damages, and the appearance of the appellant, Crouch, before said commissioners court when the final order was made laying out and making said road a public road of the third class. The proof shows that said road ran along the boundary

line of appellant's survey, some 1000 yards; and that, previous to being laid out and established as a public road, appellant had gates which were continued after the adoption of the road. It appears that said gates opened into the field of the appellant, and that they were left open, and that the certain gate in question was left open a number of times by one Bounds, who was also overseer of said road, and that appellant thereupon fastened up said gate, wiring it, and the wires had to be broken before persons could enter the same. This was the obstruction complained of.

Section 17 of our Bill of Rights provides that "no person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and when taken, except for the use of the State, such compensation shall be first made or secured by a deposit of money," etc. Our statutes with regard to public roads provide the method of condemnation. See articles 4670 to 4715, inclusive, Revised Statutes. When a claim for damages is made by a person whose land is to be taken for the purpose of a public road, it is provided that the reviewers first assess the damage, which shall be referred to the commissioners court, who may approve the same or assess other damages; and, in case "the owner of the land is not satisfied with the assessment by the commissioners court, he may appeal therefrom as in cases of appeal from judgment of justice court, but such appeal shall not prevent the road from being opened, but shall be only to fix the amount of damages. If no claim of damages is filed with such jury, after notice as provided in the preceding article, the same shall be considered as waived." See article 4693, Revised Statutes. Besides this remedy, appellant had the right, if the proceedings were illegal in the condemnation of this land for said public road, to enjoin the same, or sue the county for damages. See Travis Co. v. Trogden, 88 Texas, 302.

Unquestionably, the Legislature had the right to create the commissioners court a tribunal to condemn land for public roads, and to prescribe the procedure in regard thereto. See Black on Const. Law, sec. 180. And appellant having appeared before said tribunal, if he was dissatisfied with the report of the reviewers and the judgment of the commissioners, he should have prosecuted his appeal, or he should have taken his legal redress through the courts by some other procedure. After the road was established, although no damages were allowed him by the reviewers or by the commissioners court, he could not disregard their order, although the Constitution provides that no citizen's land shall be taken by the State for public use without adequate compensation. He was entitled to compensation, but he should have prosecuted his rights before the courts. The order establishing the road was obligatory upon him, and he could not disregard it, and his obstruction by fastening up the gate with wire was an unlawful act on his part. We further hold that the fact of his fastening up said gate after he knew that it had been established as a public road of the third class was under the circumstances willful, and the proof offered by him that he had the advice of

attorneys to the effect that the order was void would not avail him as tending to show that his act was not willfully done.  The judgment is affirmed.

*Affirmed.*