JANE ASHER ET AL. v. JONES COUNTY.

Decided May 10, 1902.

1.—Eminent Domain—Condemning Land for Public Road—Compensation—Constitutional Law.

Where a nonresident owner of land condemned for a public road, duly cited by publication, failed to appear and assert any claim before the jury of view, and the jury recommended the allowance of a certain sum as compensation, but no compensation was allowed by the commissioners court, the order establishing the road over the land was not thereby rendered void as being in violation of the constitutional guaranty against the taking of private property for public use without adequate compensation, but was a complete defense in a collateral action brought against the county by a subsequent purchaser to recover the land. Const., art. 1, sec. 17; Rev. Stats., arts. 4691-4693.

2.—Same—Evidence of Notice.

Evidence of notice by publication to a nonresident land owner in condemnation proceedings considered, and held admissible and sufficient.

3.—Same—Immaterial Error.

Where the court assumed that proper notice had been given, error in rejecting evidence of the notice was immaterial.

Appeal from Jones. Tried below before Hon. N. R. Lindsey.

*C. C. Ferrell* and *H. G. McConnell,* for appellants.

*Steele & Stinson,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was an action of trespass to try title brought by Jane and J. C. Asher to recover from Jones County the southwest quarter of section No. 15, Buffalo Bayou, Brazos & Colorado Railway Company land situated in Jones County. The appellee county disclaimed all of said land except the public road sixty feet wide across the same, and as to that it set up title by reason of condemnation proceedings had by the Commissioners Court of Jones County in 1886.

The plaintiffs proved title to the land and the defendant county offered in evidence: (1) The records of the Commissioners Court showing the order appointing the jury of view, consisting of five freeholders, who were ordered to lay out and mark the road, dated July 16, 1886; (2) report of the jury of view dated November 27, 1886, showing a survey and field notes of the road as laid out by them taking a strip of land from said quarter section sixty feet wide running from the southwest quarter thereof to the northeast quarter of the same, and assessing the damages to be paid by the county as compensation for land taken in sections 11 and 15 at $50; (3) the order adopting and approving the report of the jury of view, and establishing the road as laid out and ordering it opened, but refusing to allow or pay any sum as compensation for the land taken.

When the order establishing the road was offered in evidence plaintiffs' counsel objected thereto upon the grounds, among others, that no legal notice had been published or given as required by law, and the order showed affirmatively that the Commissioners Court refused to pay any compensation for the land taken, and by reason thereof it was void and did not affect the plaintiff's right to recover. The undisputed evidence showed that at the time the order was made the land belonged to S. M. Swenson, who resided in New York, but in 1895 the plaintiffs became the owners by purchase from Swenson's estate.

We think the court did not err in admitting the order establishing the road. It embodied the report of the jury of view, which report was adopted by the Commissioners Court, and contained the following recital: "After having given notice by publication in the Texas Western (a weekly published at Anson, Texas) for four successive weeks, a copy of said notice and the affidavit of the editor, Hec A. McEachin, being herewith returned as part of this report."

The original copy of the notice and affidavit of McEachin, who was proved to be the editor of the Texas Western at the time it was published, was offered in evidence by the plaintiffs for the purpose of proving that it was not a sufficient legal notice because it did not run in the name of the State of Texas, and was not addressed to the sheriff or constable of the county and executed by such officer by causing the same to be published as citations in suits are required to be published, etc. The notice was as follows:

"Notice to Land Owners.—To the Houston and Texas Central Railway Company, S. M. Swenson, H. W. McCaffity, G. P. Price, and others: Take notice that the undersigned jury appointed by the Commissioners Court of Jones County, Texas, to lay out, survey, and assess damages resulting from the establishment of a public road [definitely describing it, and the sections over which the road is proposed to be established] will on the 11th day of October, 1886, in discharge of our said duty, meet upon the following premises, to which you have some claim of title, to wit: [Here the sections by number and name of grantee are described, the land in controversy being embodied], and then and there proceed to assess any damages to which you may be entitled on account of the laying out of said public road, and you are hereby requested and required to produce all evidence which you may desire to offer in relation to such damages, and do and perform such other acts as may be necessary and lawful in the premises. In witness whereof we have hereunto set our hands this 1st day of September, 1886." (Signed by the five jurors of view appointed by the court.)

We think the court erred in excluding this notice from the jury. The recitals in the report made it a part thereof, and as such, being adopted by the court, formed part of the order laying out and establishing the road. We think, however, that it was a good and sufficient notice (Railway v. Baudat, 45 Southwestern Reporter, 939), and its publication for four weeks was sufficient to authorize the jury of view to pro-

ceed to lay out and establish the road and assess the damages resulting to the owners of the land over which the road was to run. But as the court assumed that proper notice was given, and this would have been proved by the notice if admitted in evidence, the error was immaterial.

The report of the jury of view contained also the recital that "no one of the owners of the land through which said road runs presented any claim or statement of damages. Wè, however, recommend the payment to the owners of sections  *  *  *  11 and 15, B. B. B. & C. R. R. (the land in question) fifty dollars as compensation for the land taken." The order adopting this report is as follows: "It is ordered and considered by the court that said report be and the same is hereby approved, save and except that portion of same which recommends $50 damages to the owners of surveys 11 and 15, B. B. B. & C. R. R. land,  *  *  * which is not approved or allowed. It is further ordered that Ben Shaw be and he is hereby required to open said road as a first-class road sixty feet wide."

Our Constitution provides: "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and when taken, execept for the use of the State, such compensation shall be first made or secured by a deposit of money." Const., art 1, sec. 17.

Our statute provides that notice may be given to landowners who are nonresidents of the county by publishing the notice as was done in this instance. Rev. Stats., art. 4691. And article 4692 provides: "The owner of any such land may, at the time stated in such notice, or previously thereto, present to the jury a statement in writing of the damages claimed by him, if any, incidental to the opening of such road, and thereupon the jury shall proceed to assess the damages, returning their assessment and the claimant's statement with their report to the commissioners court."

It is then provided in article 4693 as follows: "If the commissioners court shall approve of the report and order such road to be opened, they shall consider the assessment and damages by the jury and the claimant's statement thereof, and allow to such owner just damages and adequate compensation for the land taken, and when paid or secured by deposit with the county treasurer to the credit of such owner they may proceed to have such road opened. If the owner of the land is not satisfied with the assessment of the commissioners court he may appeal therefrom as in cases of appeal from judgment of justice court, but such appeal shall not prevent the road from being opened, but shall be only to fix the amount of damages. If no claim of damages is filed with such jury after notice as provided in the preceding article the same shall be considered as waived."

The meaning of these articles, read in connection with the Constitution, seems to be that if the notice is given as required by the statute the landowner may file a claim for the value of the land taken and for such other damages as he thinks he is entitled to, which would make it the

duty of the jury of view to hear evidence as to the value of the land taken, and the commissioners court, it seems, may consider such claim waived and proceed to open the road without allowing any compensation or damages whatever before so proceeding.

Whether a land owner duly notified, who fails to present his claim for damages to the jury of view and afterwards applies to the commissioners court for an allowance for his damages and his claim is rejected, can maintain an action therefor, is a question not presented by this record, and hence not passed upon.

It is insisted, however, that because the Commissioners Court disallowed the $50 which the jury of view recommended be paid to the owners of the land actually taken the order establishing the road is void, because in violation of the article of the Constitution above quoted. But we think not. The landowners were duly notified and were, in contemplation of law, before the jury of view, and failing to file any claim for damages such claims must be considered as waived, at least for the time, so that the order establishing the road is not void, but valid, and is not subject to collateral attack as here attempted. Crouch v. State, 45 S. W. Rep., 578; Vogt v. Bexar County, 42 S. W. Rep., 127. The order, therefore, is a complete defense to this action to recover the land.

The other assignments of error relate to the question of abandonment of the road by the county. This issue was fairly submitted to the jury and the facts warranted them in the conclusion that the road had not been abandoned, and hence we overrule such assignments.

Finding no error in the judgment, it is affirmed.

*Affirmed.*