QUANAH, A. & P. RY. CO. v. HARDEMAN COUNTY.

(Court of Civil Appeals of Texas. Amarillo. March 9, 1912. Rehearing Denied April 6, 1912.)

1. HIGHWAYS (§ 50*)—PROCEEDINGS TO ESTABLISH—OPPOSITION—DEMURRER.

Demurrer by a county to opposition filed by a railroad with the county court to action of the commissioners' court approving the report of a jury of view laying out a public road, across the railroad, and assessing damages, said demurrer being that, under Rev. St. 1895, art. 4693, it is provided that, if the owner is not satisfied with the assessment of damages by the commissioners' court, he may appeal from its judgment as in cases of appeal from judgments of a justice's court, but such appeal shall not prevent the road being opened, but shall be only to fix the amount of damages; therefore defendant specially excepts to the part of plaintiff's petition wherein it protests against defendant opening the road across plaintiff's right of way—not only raises the question of the limitation placed by the statute on the company's right of appeal from the action of the commissioners' court to the county court, but also the sufficiency of the allegations of the company's opposition to show such arbitrary and abusive exercise by the commissioners' court of its discretionary powers in the matter of opening the road as to authorize review of its action in opening it, apart from the question of damages awarded.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 151–154; Dec. Dig. § 50.*]

2. HIGHWAYS (§ 58*)—PROCEEDINGS TO ESTABLISH—OPPOSITION—DISCRETION OF COMMISSIONERS' COURT.

The opposition filed by a railroad in the county court to action of the commissioners' court approving the report of a jury of view laying out a public road across the railroad, alleging that the proposed road on said line and across the railway and right of way will be within 400 feet of another crossing over said railroad, and no necessity exists for such road crossing; that the crossing necessary for a public road, as required by the commissioners' court, will be about 300 feet long, and will cross the railway in a cut about 4 feet deep, and that the crossing, if placed there, will be dangerous to those crossing the tracks, and to employés, passengers, and property of the company, does not show such arbitrary exercise and gross abuse of the discretionary powers of the commissioners' court as to render its action in ordering the road opened reviewable by the courts.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 177–198, 200–203; Dec. Dig. § 58.*]

3. HIGHWAYS (§ 50*)—OPENING—OPPOSITION—WAIVER OF DAMAGES.

A railroad company having, under Rev. St. 1895, art. 4693, waived its claim for damages from the laying out of a highway across the railway by failure to file the claim with the jury of view, it may not on trial of its opposition filed in the county court to the action of the commissioners' court in approving said jury's report laying out the road show that as laid out, at an acute angle with the railroad, it would involve the railroad in more litigation for injuries than would one at right angles to the railroad.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 151–154; Dec. Dig. § 50.*]

Appeal from Hardeman County Court; W. S. Banister, Judge.

Proceedings between the Quanah, Acme & Pacific Railway Company and Hardeman County relative to the laying out of a public road. From the judgment, the railway company appeals. Affirmed.

Fires, Decker, Clarke & John, of Quanah, for appellant. R. V. Crowder, of Quanah, for appellee.

PRESLER, J. [1, 2] It appears from the record in this case: That appellee, acting through its commissioners' court, appointed a jury of view to lay out and establish a public road across appellant's line of railway in Hardeman county, Tex., and that said jury of view duly notified appellant of their meeting to lay out said road and assess the damages incident thereto. That appellant failed to file any claim in writing for damages with said jury of view, and that thereafter said jury filed their report of laying out said road and assessing the damages incident thereto with the commissioners' court, and that said court approved said report, except as to the allowance of $10 to appellant as damages for crossing its right of way and railway track, which sum it increased to $20, to which action of said court appellant filed its opposition in writing with the county judge of said county within 10 days after the court approved said report, and thereupon appellee filed its original answer and exceptions to appellant's opposition. On the trial of the cause before a jury in the county court, the same amount, to wit, $20, was allowed by the jury to appellant, upon which verdict judgment was entered in favor of appellant, and it was further ordered that appellant pay the costs in the county court, from which judgment appellant duly appeals to this court, and assigns two errors to the action of the trial court, the first of which is that "the court erred in sustaining defendant Hardeman county's first special exception," and insists under this assignment that, "although the discretion of the commissioners' court as to the place where a public road should be opened is not a subject of review by the courts on appeal from the order of the commissioners' court under ordinary circumstances, the courts will not permit an abuse of the discretion vested in the commissioners' court, and that it is a question for the consideration of the courts whether or not there was an abuse of the discretion ordinarily vested in the commissioners' court in selecting the route of the public road when the selection made was not reasonably necessary to serve the interests of the public, and imposes an unreasonable burden on the party whose property is sought to be taken." That part of appellant's opposition wherein it seeks to show an abuse of the discretionary powers of the commissioners' court in the matter complained of is thus set out in its statement, in support of said assignment and proposition, to wit: "The proposed road on said line and across the railway and right of way will be within 400 feet of another crossing over said railway, and no necessity exists for such road crossing. * * * The crossing necessary for a public road, as required by the commissioners' court, over the railway right of way and track, will be about 300 feet in length, and will cross the track of railway in a cut about 4 feet deep; that the crossing, if placed there, will be dangerous to those crossing the tracks and to the railway employés, passengers, and its property." Appellee's exception referred to is as follows: "(1) And for special exception defendant shows to the court that under article 4693 of the Revised Statutes of the state of Texas it is provided that, if the owner is not satisfied with the assessment of the damages by the county commissioners' court, he may appeal from the judgment of said court as in cases of appeal from judgments of the justice court, but such appeal shall not prevent the road from being opened, but shall be only to fix the amount of damages. Therefore defendant specially excepts to the part of plaintiff's petition wherein they protest against defendant opening the road across plaintiff's right of way." We are of the opinion that the effect of this demurrer is to not only raise the question of the limitation placed by the statute upon the appellant's right of appeal from the action of the commissioners' court to the county court, but also raises the question of the sufficiency of the allegations of appellant's opposition to show such arbitrary and abusive exercise of the discretionary powers vested by law as will authorize the courts to review the action of said commissioners in the matter of opening said road and apart from question of damages awarded. And we are further of the opinion that the allegations of said opposition, as set out in appellant's statement, are insufficient to show such arbitrary exercise and gross abuse of the discretionary powers of the commissioners' court as would render its action in ordering said road opened subject to review by the courts, and that there was no error in sustaining appellee's exception. Articles 4677, 4693, R. S. of Texas; Fayssoux v. Kendall County, 55 S. W. 583; Huggins v. Hurt et al., 23 Tex. Civ. App. 404, 56 S. W. 944; Howe et al. v. Rose et al., 80 S. W. 1019.

[3] Appellant's second assignment of error is to the action of the court in refusing to permit plaintiff's witness, C. E. Ensminger, to testify as to the financial loss that would probably accrue to plaintiff by reason of the construction of the crossing as ordered by the commissioners' court in the way of damage claims against the railway company, as shown by plaintiff's bill of exception No. 1. The question propounded, as shown by said bill of exceptions, is as follows: "From your experience as a railway man, are you able to state whether or not a road crossing over a right of way and over the rails of the railway company, striking the rails at an acute angle, does actually involve such company in more litigation for injuries to persons and property, and result in heavier costs to such company than a crossing at a right or practically right angle?" To which question appellee objected for the reason

that such question was incompetent, irrelevant, and immaterial, and related to no material issue in the case. It is also shown by said bill of exception that said witness would have answered that he could so state that "such crossing at such acute angle was such as to actually involve a railway company in more litigation than a crossing at a right or nearly a right angle, and that it was a matter of practice and experience that such crossings at acute angles were productive of a heavier pecuniary burden because of such litigation than other crossings." We are of the opinion that there was no error in sustaining the objection of appellee and excluding the evidence in question, appellant having, under the statute, waived its claim for damages by failing to file the same in writing with the jury of view. Article 4693, R. S. of Texas; Railway Company v. Milam County, 90 Tex. 355, 38 S. W. 747; Asher v. Jones County, 29 Tex. Civ. App. 353, 68 S. W. 551; Railway Company v. Eddings, 70 S. W. 98; Railway Company v. Hughes, 73 S. W. 976.

Finding no reversible error shown under either of appellant's assignments, we conclude that the judgment appealed from should be in all things affirmed, and it is accordingly so ordered.