GARCIA v. STATE.   (No. 4460.)

(Court of Criminal Appeals of Texas.   May 9, 1917.)

1. CRIMINAL LAW ⊚═510—ACCOMPLICE TESTIMONY—CORROBORATION.

Code Cr. Proc. 1911, art. 801, prohibiting conviction on the uncorroborated testimony of an accomplice, applies to testimony of one who stole goods on prosecution of one he got to haul them away.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1124–1126.]

2. CRIMINAL LAW ⊚═77—"ACCESSORY."

Under Code Cr. Proc. 1911, art. 86, defining an "accessory" as one who knowing of commission of an offense conceals the offender or gives him any other aid that he may evade an arrest or trial or the execution of his sentence, the acts making one an accessory are such as are personal to the offender; and merely hauling away for a thief the articles stolen is not enough.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 94, 95.

For other definitions, see Words and Phrases, First and Second Series, Accessory.]

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Adrian Garcia, alias Chapo, was convicted, and appeals. Reversed and remanded.

Jackson, Isaacks & Lessing, of El Paso, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This appeal is from a judgment condemning appellant to confinement in the state penitentiary for two years for the offense of accessory to the crime of burglary.

Merced Garcia testified that he and one Quintero broke into a house and took therefrom blankets and underwear in boxes. After so doing, they went to appellant, who operated automobiles for hire, late in the nighttime, and found him asleep in his car. After waking him, they told him that they wanted him to take a load. He and they went in the car to the place where the stolen property was hidden. Garcia and Quintero put part of it in the car, and appellant drove with them to another point, and they took the articles out of the car and hid them. While appellant was waiting in his car, a police officer inquired of him why he was there and was told that he had hauled a man and woman who lived near there. Appellant had a quilt in the back of his car, which he told the officer he used for cover while he slept in his car. A few moments after this conversation, appellant went to the police station and told the captain of police that some persons had rented his car and moved some property which had been stored in an alley, and that he thought there was other property there. The captain and appellant went to the place indicated and found some other property which had come out of the store.

They also found that Garcia and Quintero had been arrested and the property which they had taken in the automobile and hidden had been found. Garcia also testified that appellant knew the property was stolen and that they gave him part of it to pay for hauling it in his car. None of the property was found in the possession of appellant.

[1] The rules of evidence pertaining to accomplice testimony apply to that of the witness Garcia. Article 801, C. C. P., is to the effect that:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient, if it merely shows the commission of the offense." Vernon's Ann. C. C. P. p. 732.

Aside from the evidence of the accomplice, Garcia, we fail to find in the record any testimony which connects appellant with the commission of the crime. A somewhat similar state of facts will be found discussed in the case of Franklin v. State, 53 Tex. Cr. R. 388, 110 S. W. 64, and in the case of Denson v. State, 47 Tex. Cr. R. 439, 83 S. W. 820; and the principles there applied in our opinion control the case in hand. Other cases in point are Maibaum v. State, 59 Tex. Cr. R. 386, 128 S. W. 378, and those listed in Vernon's Ann. C. C. P. pp. 737, 738, notes 14 and 15.

[2] Such testimony as is disclosed by the record, including that of the accomplice, in our judgment, fails to show that the appellant was an accessory to the offense of burglary.

"An 'accessory' is one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial, or the execution of his sentence." Branch's Ann. P. C. art. 86, p. 369.

The acts which would make one an accessory are such as are personal to the offender. Construing article 86, supra, this court, in the case of Street v. State, 39 Tex. Cr. R. 136, 45 S. W. 578, says:

"We construe this to mean that, in order to be guilty of this offense, the person charged must give some personal help to the offender, in order that he may evade an arrest or trial for the offense committed."

From the same case we take this further statement:

"As far as we are advised, the authorities all hold that the mere receiver of stolen property cannot be convicted as an accessory to the theft thereof, or to its burglarious taking."

From this statement it follows that, under the law as declared by the decisions of this court, the evidence does not show appellant to have been an accessory to the offense of burglary.

Because the evidence does not support the conviction, the judgment of the lower court is reversed, and the cause remanded.

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.