W. L. Ratliff and J. B. O'Bryan, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of accessory after the fact of the crime of assault with intent to kill, and sentenced to one year and a day in the state penitentiary.

The statute under which the prosecution is based is section 1809, O. S. 1931, which reads as follows:

"All persons, who after the commission of any felony, conceal or aid the offender, with knowledge that he has committed a felony, and with intent that he may avoid or escape from arrest, trial, conviction, or punishment, are accessories."

At the conclusion of the evidence counsel for the defendant requested the trial court to instruct the jury to

return a verdict of not guilty, which request was denied. It is not necessary to set out the evidence in this case for the reason the Attorney General has filed a confession of error, a part of which is as follows:

"We believe the refusal to so instruct the jury constituted reversible error in this case. All the state proved against the defendant was that he had knowledge of the felony alleged to have been committed, to wit: the felony of assault with intent to kill as charged in the information, and that when the sheriff was investigating who the probable guilty parties were that the defendant told the sheriff a falsehood in that he told the sheriff he did not know who they were and that he told such falsehood with the intent that such parties might escape from the arrest, trial and conviction for such offense.

"The defendant, therefore, was convicted on the theory that his refusal to tell the sheriff the names of the persons who had committed the felony aided the offenders to escape and that he told the sheriff a falsehood with intent that the offenders might avoid and escape arrest for the felony. The Attorney General believes that the mere fact of the telling the sheriff a falsehood under such circumstances does not amount to a violation of the foregoing statute. The decisions point to the contrary and are to the effect that in order to constitute a person an accessory after the fact some overt active assistance rendered to the felon personally is necessary."

In the case of Wren v. Commonwealth, 26 Grat. (67 Va.) 952, the court said:

"But merely suffering the principal to escape, will not make the party accessory after the fact; for it amounts at most but to a mere omission. * * * Of if he agree for money not to prosecute the felon; or if knowing of a felony, fails to make it known to the proper authorities; none of these acts would be sufficient to make the party an accessory after the fact."

In Chenault v. State, 46 Tex. Cr. R. 351, 81 S. W. 971, the Court of Criminal Appeals of Texas held under a statute very similar to ours that in order to make one an accessory after the fact some overt active assistance rendered to the felon personally was necessary.

In Ex parte Overfield, 39 Nev. 30, 152 Pac. 568, the Supreme Court of Nevada held that a failure to disclose the whereabouts of a felon by one who had knowledge thereof did not make such a person an accessory after the fact.

There is no evidence in the record to show that the defendant rendered any active assistance personally to the party charged with the felony. The confession of error of the Attorney General is approved.

There being no evidence to sustain the verdict and judgment, the case is remanded, with directions that if the state has no further proof the case be dismissed.