THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* ERNESTO LÓPEZ BALLESTER ET AL., Defendants and Appellees.

No. 7809. Argued December 19, 1939.—Decided March 13, 1940.

*George A. Malcolm, Attorney General, E. Díaz Viera, Special District Attorney of San Juan, R. A. Gómez, Prosecuting Attorney of the Supreme Court,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellant. *Carlos H. Juliá* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

This is an appeal brought by the People of Puerto Rico from a judgment of the District Court of San Juan sustaining a demurrer of the defendants to the effect that the facts as charged in the information do not constitute a public offense.

■ In the information the defendants were charged with infringing section 37 of the Penal Code, committed as follows:

"The said defendants, Ernesto López Ballester, Manuel Rey González and Ernesto Vázquez Torres, sometime in November and December, 1938, in the municipalities of San Juan and Río Piedras, which form part of the Judicial District of San Juan, Puerto Rico, there and then, unlawfully, wilfully, criminally and maliciously, and with the knowledge that a forgery (felony) had been committed about the 15th or the 16th of August, 1938, in San Juan, Puerto Rico, by some person whose real name is not known, for which reason he is designated here as John Doe, and while the said John Doe, with intent to defraud The People of Puerto Rico, which is a political entity, of $62.67 legal tender of the United States, forged and falsely affixed the signature of Martín Hernández, the beneficiary of check No. 19,497 issued by the said 'The people of Puerto Rico' on the National City Bank of New York, San Juan branch, payable to said Matrín Hernández, and cashed such check so forged and passed the same as genuine, and collected its amount, $62.67, in the office of the Insular Telegraph, in San Juan, Puerto Rico, and defrauded The People of Puerto Rico of such sum; defendants herein, Ernesto López Ballester, Manuel Rey González and Ernesto Vázquez Torres, with knowledge that a crime (felony) had been committed, a serious crime of forgery, and with full knowledge that said serious crime of forgery had been committed, concealed the same from the proper authorities, especially from Chester E. Rakestraw, Regional Agent in Trade and Industries for the Federal Division of Vocational Education, who jointly with another Federal agent had investigated from the 1st to the 14th of December, 1938, the Insular Board of Vocational Education, for the promotion of vocational education in Puerto Rico; and likewise they hid the same from C. Andreu Ribas, Assistant Attorney General, appointed by the Attorney General of Puerto Rico as special prosecuting attorney to investigate the said crime or serious offense of forgery and falsification that had been committed, and from the respective authorities of the judicial district of San Juan, and for

this purpose the said defendants proceeded as follows: they took an antedated and forged letter to Martín Hernández and got him to sign it, stating therein that he had received the said check, and they advised him to testify that he had received the said check for $62.67 and that he had cashed the same and that he had returned the amount thereof and they succeeded in having him testify that he had received the said check and had cashed it and they succeeded in getting Martín Hernández sign said letter so as 'to accommodate a friend,' and they filed said letter in the offices of the Division of Vocational Education of the Department of Education of Puerto Rico, and returned the amount of said check to the Treasurer of Puerto Rico three and one-half months after the commission of said crime (felony) of forgery and concealed the same from the proper authorities with full knowledge that such crime (felony) had been committed, which acts were carried out by the defendants in order to conceal said crime (felony) from the proper authorities.''

Section 37 of the Penal Code now in force reads as follows:

''All persons who, after full knowledge that a felony has been committed, conceal it from the proper authorities, or harbor and protect the person charged with or convicted thereof, are accessories.''

As may be seen, there are two distinct modalities of the offense defined in section 37, *supra*. The essential elements of the first are: (*a*) the commission of a felony; (*b*) knowledge on the part of the person charged as an accessory that such felony had been committed; and (*c*) acts carried out by the alleged accessory to conceal the crime from the authorities. The first two elements of the second modality are identical with those of the first. The third consists in acts carried out by the alleged accessory to harbor and protect a person charged or convicted of felony. More briefly stated, in the first modality the accomplice has sought to prevent the discovery of the crime by the authorities; and in the second, the crime having already become known and a certain person having been accused or convicted thereof, the accomplice harbors and protects such person to put him beyond the reach of the courts. In the former case, the crime is concealed; in the second the culprit is hidden.

■■ In the consideration of the only issue involved in the present appeal—sufficiency of the information—we must disregard the second modality of section 37, *supra*. In the information the alleged accessories are not charged with the commission of any act to shelter and protect John Doe, nor is it alleged that John Doe or anybody else has been charged or convicted of forgery, a felony. We agree with the court below and with the innumerable authorities cited in its opinion that the information is patently insufficient to sustain the charge of complicity included within the second modality.

Are the facts as alleged in the information sufficient, provided the same are proven by the evidence, to justify a conviction within the first modality of section 37 of the Penal Code? This is the issue before us.

It is alleged in the information under consideration:

1. That the 15th or 16th of August, 1938, an unknown person, designated as John Doe, with intent to defraud The People of Puerto Rico of $62.67, forged the signature of Martín Hernández, the beneficiary of check No. 19,497, issued by the Government to the order of Hernández, cashed said check and collected its amount, thus defrauding The People of Puerto Rico.

2. That the defendants, with knowledge that such felony had been committed, concealed it from the proper authorities.

3. That for the purpose of concealing said crime the defendants committed the following acts:

(a) They took to Martín Hernández and succeeded in having the latter sign an antedated and forged letter in which it was stated that he had received the check.

(b) They advised Martín Hernández to testify that he had received the check, had cashed the same and returned its amount.

(c) They succeeded in having Hernández testify that the had received the check, cashed it and returned its amount.

(d) They filed a letter signed by Hernández in the offices of the Division of Vocational Education of the Department of Education.

(e) They returned the amount of the check to the Treasurer of Puerto Rico three and one-half months after the commission of the forgery.

As may be seen, the information charges an infringement of section 37 of the Penal Code in its first modality. It is not necessary to allege in the information that somebody else has been charged and convicted as principal, where an infringement of said section in its first modality is involved. To support an information charging infringement of said section in its second modality it is absolutely necessary to allege and show that the principal has been charged or convicted.

In *People* v. *Garnett*, 129 Cal. 364, 366, cited by the appellees and by the lower court, the defendant was charged with infringement of section 32 of the Penal Code of California, identical with section 37 of our statute, in its two modalities. As to the first, the information charged that one Lewis had committed the crime of grand larceny, and that defendant Garnett "did, after full knowledge that the said felony had been committed as aforesaid, willfully then and there conceal said felony from the magistrate." As to the second modality it was alleged:

"Did harbor and protect said Laura Trixie Lewis by aiding and assisting said Laura Trixie Lewis in escaping from the country of Fresno, state of California, and by harboring and concealing said Laura Trixie Lewis from the officers and protecting her from arrest and punishment for the commission of said crime, with the intent and purpose then and there on the part of said Garnett to conceal the crime committed by the said Laura Trixie Lewis from the magistrate, with full knowledge at that time that said Laura Trixie Lewis had committed said crime in the aforesaid manner, and that said crime was a felony."

On appeal brought by Garnett from a judgment of conviction, the Supreme Court of California reversed it and ordered a new trial, on the ground of the insufficiency of the charges of the information as to the second modality. In referring to the first, that is, concealment of the commission of felony, the court expressed itself as follows:

"The aforesaid section is not as plain and explicit as it might be by any means. At the same time the word 'conceal,' as here

used, means more than a simple withholding of knowledge possessed by a party that a felony has been committed. *This concealment necessarily includes the element of some affirmative act upon the part of the person tending to or looking toward the concealment of the commission of the felony. Mere silence after knowledge of its commission is not sufficient to constitute the party an accessory.*" (Italics ours.)

As to the second modality—to harbor and protect the defendant or culprit of felony—the California court said:

"Again, the word 'charged,' as used in this section, means formal complaint, information or indictment filed against the criminal, or possibly an arrest without warrant might be sufficient. Mere general rumors and common talk that a party has committed a felony is wholly insufficient to fill the measure required by the word 'charged.'
". . . . . . . . .

"We find no allegation in the aforesaid information that Lewis was charged with a felony. Hence, that branch of the information which charges the defendant Garnett with harboring and protecting her amounts to nothing. By reason of the failure to make this allegation all evidence tending to support this branch of the information should have been kept from the jury, and the case tried on the theory alone that the defendant concealed the commission of the felony from the magistrate. Upon the contrary, evidence was submitted upon both branches of the information, and both branches thereof were considered by the jury. This fact is evidenced by the instructions of the court. For these reasons the case must be remanded for a new hearing. It is impossible to say from the verdict but that the defendant was convicted of being an accessory by reason of his harboring and protecting Trixie Lewis."

It is evident that the California court considered that the allegation that defendant Garnett "did, after full knowledge that the said felony had been committed as aforesaid, willfully then and there conceal said felony from the magistrate," was sufficient to charge the defendant with infringing section 32 of the Penal Code of California, in its first modality. Otherwise it would have reversed the judgment and discharged the defendant or ordered the filing of a new information. By ordering a new trial the court followed the doctrine

laid down by it in *People* v. *Mitchell,* 92 Cal. 590, in which it was held that where an information charges the defendant with the commission of an offense in two distinct modalities, the verdict of *guilty of the crime as charged in the infor-mation* can not be sustained if the allegation of either of the two branches of the offense is fatally defective. Mitchell was charged with forging a check and with having uttered and cashed it. The court instructed the jury that they could convict him under either branch of the charge. The appellate court in reversing the judgment and remanding the case to the lower court, with instructions to allow the filing of a new information, expressed itself as follows:

". . . . ; now, even conceding that one of these elements of the offense only was fatally defective by reason of bad pleading, then the judgment must be reversed, for it is impossible to say, under the instructions of the court and the evidence introduced, but that the jury based their verdict upon the portion of the information which was absolutely void."

The case before us does not present the difficulties of the two cases from California just considered. The prosecuting attorney did not confine himself to charge in the language of the statute that the defendants, with knowledge of the commission of the forgery, "concealed it from the proper authorities." He went further, and as if seeking to show that it was not merely a case of silence or inaction on the part of the defendants, he specifically alleged *affirmative* acts as committed by the defendants to conceal the crime charged. Such affirmative acts—to take the forged letter to Hernández and to get him sign it; to advise Hernández to testify falsely and to get him do so; to file such forged letter in the Department of Education; and lastly to return to the Treasurer of Puerto Rico the amount of the check—if sufficiently proved, would constitute to our judgment an infringement of section 37 of the Penal Code and justify the conviction of the defendants as accessories to the crime of forgery.

The appellees contend, and it was so held by the lower court, that "tampering with witnesses," that is, to work on witnesses for the purpose of suppressing their testimony, does not turn the doer thereof into an accomplice. In support of such contention citation has been made of the decisions in *People* v. *Dom Pedro,* 43 N.Y.S. 44; *Caylor* v. *State,* 68 S.W. 982; *State* v. *Doty,* 48 P. 145; *Garcia* v. *State,* (Tex.), 195 S.W. 196; *Farmer* v. *State,* (Okl.) 40 P. (2d) 693; *Ex parte Overfield,* 151 P. 568. A perusal of the above decisions will show that all of them refer to cases where the information charged the defendant with "harboring and protecting" the culprit.

In the first of the above case, *People* v. *Dom Pedro, supra,* it was held as follows:

". . . . One cannot be found guilty as an accessory to a felony except under proof that he gave personal assistance to the felon, with intent to enable him to physically get away; such as to conceal him, to rescue him, to furnish him with a horse, and the like. (Citations.) That he endeavored to get the complainant to fail to identify, or to forget, or not to prosecute, or suborned witnesses, or the like, does not make out the 'crime'."

In *Caylor* v. *State,* (Tex.), *supra,* the defendant was charged with having harbored and protected the perpetrator of a rape so that he might escape. The evidence tended to show that the defendant advised the mother of the victim to take her out of the state so that she would not testify against the perpetrator. The court held that this did not render the defendant an accessory to the rape, and said:

". . . . In order to constitute one an accessory after the fact, there must be some aid rendered to the principal direct. The evidence before us does not show such a state of facts. We therefore hold that the judgment is not supported by the evidence."

In *State* v. *Doty, supra,* after defining the kind of aid to a criminal that can make a person an accomplice, the court expressed itself as follows:

". . . . But merely suffering the principal to escape will not make a party an accessory after the fact, for it amounts, at most, but to a mere omission. . . . The defendant gave no personal assistance of this kind, and the mere fact that she asked her daughter to tell the county attorney a falsehood with respect to the paternity of the illegitimate child, although reprehensible, does not, in our opinion, constitute the aid which the statute contemplates, or amount to an offense under the statute."

In *Garcia* v. *State, supra,* in holding that the mere fact of transporting stolen goods did not make the defendant an accessory, the Supreme Court of Texas said:

"The acts which would make one an accessory are such as are personal to the offender. Construing section 86, *supra,* this court, in the case of *Street* v. *State,* 39 Tex. Cr. R. 136, 45 S. W. 578, says:

" 'We construe this to mean that, in order to be guilty of this offense, the person charged must give some personal help to the offender; in order that he may evade an arrest or trial for the offense committed.' "

The information in *Farmer* v. *State, supra,* was filed under the statute of Oklahoma, which makes an accessory after the fact only such as conceals or aids a felon, with knowledge that a felony has been committed, to escape. The only fact shown against Farmer, who was charged as being accessory to an assault with intent to kill, was that, with knowledge of the commission of the alleged offense, he told the sheriff a falsehood by saying to him that he did not know who were the perpetrators. The judgment was reversed, thet appellate court expressing itself as follows:

"The defendant, therefore, was convicted on the theory that his refusal to tell the sheriff the names of the persons who had committed the felony aided the offenders to escape and that he told the sheriff a falsehood with intent that the offenders might avoid and escape arrest for the felony. . . . The decisions point to the contrary and are to the effect that in order to constitute a person an accessory after the fact some overt active assistance rendered to the felon personally is necessary.

".      .      .      .      .      .      .      .      .      .

"There is no evidence in the record to show that the defendant rendered any active assistance personally to the party charged with the felony."

See *Howard* v. *People,* 51 P. (2d) 594, and *Roberts* v. *People,* 87 P. (2d) 251.

The decision in *Ex parte Overfield,* 39 Nev. 30, 152 P. 568, is not applicable to the case at bar either, for the above case dealt with an information charging complicity, consisting in "having aided" a defendant to obtain money by false pretenses. It was therein alleged that Overfield had sought to persuade and induce the injured party not to file a complaint against the party who had defrauded him. Likewise inapplicable are, in our opinion, the decisions in *People* v. *Paz,* 12 P.R.R. 98, and *People* v. *Bermúdez,* 32 P.R.R. 349, because both refer to the infringement of section 37 of the Penal Code under its second branch, as having harbored and aided a felon.

The information, in our opinion, alleges all the essential elements of the offense charged against the defendants. It was error for the lower court to sustain the demurrer. The judgment must be reversed and the case remanded to the trial court for further proceedings not inconsistent with this opinion.

Mr. Justice Hutchison took no part in the decision of this case.