TEXAS & P. RY. CO. et al. v. HARDIN.
(No. 1319.)

(Court of Civil Appeals of Texas. Texarkana. June 11, 1914.)

1. EMINENT DOMAIN (§ 146*)—CONSTRUCTION OF VIADUCT—ACTION BY PROPERTY OWNER—DEFENSE.

In a property owner's action against a railroad company for special damages from the construction of a viaduct in front of his property, it is no defense that the viaduct is beneficial to the public.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 390–393; Dec. Dig. § 146.*]

2. APPEAL AND ERROR (§ 1053*)—CURE OF ERROR — ADMISSION OF EVIDENCE — INSTRUCTIONS.

In a property owner's action for damages from the construction of a viaduct, error, if any, in admitting evidence that, after completion of the viaduct, a street car line was changed so as not to pass in front of plaintiff's property was cured by an instruction that no change in such line could be considered as an element of plaintiff's damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

Appeal from District Court, Bowie County; W. T. Armistead, Judge.

Action by W. C. Hardin against the Texas & Pacific Railway Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Glass, Estes, King & Burford and Rodgers & Dorough, all of Texarkana, for appellants. Mahaffey, Thomas & Hughes, of Texarkana, for appellee.

HODGES, J. The appellee, W. C. Hardin, instituted this suit against the Texas & Pacific Railway Company, the Texarkana & Ft. Smith Railway Company, and the St. Louis Southwestern Railway Company of Texas to recover damages resulting from the construction of a viaduct in front of his property. At the time of, and prior to, the institution of this suit the appellee was the owner of a lot 100 by 140 feet situated on the north side of Broad street, in the city of Texarkana, Tex., and immediately west of Oak street. Broad street runs practically east and west, and is about 100 feet wide. In the early part of the year of 1912 the three railway companies named as parties defendant constructed a viaduct extending from a point on Broad street in front of the appellee's property to the south, passing over and across a large number of railway tracks owned by them. The north end of the viaduct rested in the center of Broad street, and ran west for some distance, and then turned south. This course seems to have been considered necessary for the purpose of obtaining a proper elevation over the nearest railway track. The viaduct occupied a space in Broad street about 20 feet wide, and to that extent reduced the space available to the traveling public in passing along Broad street to a point west of the appellee's property. Prior to the building of this viaduct the appellee had built several houses on his lot of land, fronting on Broad street. These were intended to be rented for ordinary commercial purposes. It is claimed that the construction of the viaduct in the center of the street in front of this property, and the consequent obstruction which it interposed to travel, caused a depreciation of the market value of the appellee's property to the extent of $10,000.

The railway companies filed a joint answer, and, among other defenses, asked that the city of Texarkana, Tex., be made a party, and that in the event judgment was rendered against them for damages they have judgment for the same amount over against the city. As a basis for this recovery they set up a contract by which the city of Texarkana, Tex., had obligated itself, in consideration of the building of the viaduct, to protect the railway companies from all claims for damages by abutting property owners.

The city of Texarkana answered denying that the property of the plaintiff in the suit was injured by reason of the construction of the viaduct. It interposed no defense to the cross-action of the railway companies.

A trial in the district court resulted in a verdict and judgment in favor of the appellee against the railway companies for the sum of $5,000, and in favor of the railway companies against the city of Texarkana for the same amount. The railway companies and the city of Texarkana appealed, and make a common defense in this court. While they filed separate briefs, the grounds upon which they seek a reversal of the judgment are substantially the same. The city makes no contention on appeal that it is not bound by the terms of the contract of indemnity before referred to.

The first group of assigned errors attack in different forms the sufficiency of the evidence to support the judgment rendered in favor of the appellee. The testimony as to whether or not the building of the viaduct

caused a depreciation in the market value of the property in question was conflicting, but the jury resolved that issue in favor of the appellee, and there is no sufficient reason assigned for disturbing that finding.

[1] It is immaterial how important to the public the building of this viaduct may have been; that fact is no defense against the claim for damages by a private individual who has sustained special injury by reason of its construction. Powell v. Ry. Co., 104 Tex. 219, 135 S. W. 1153, 46 L. R. A. (N. S.) 615.

[2] It is complained that the court erred in admitting testimony of certain witnesses tending to show that prior to the erection of the viaduct in Broad street in front of the appellee's property the street car line had extended down that street south of the property in controversy, and that after the viaduct was completed the car line was changed so that it turned north, and did not run in front of the appellee's property as before. Whatever error there may have been in the admission of such testimony was cured by a special charge given by the court directing the jury not to consider any change in the street car line as an element of damages should they find for the plaintiff.

It is unnecessary to discuss the remaining assignments of error in detail. All of them have been considered, but none of them show any reversible error.

The judgment will therefore be affirmed.