Gulf, Colorado & Santa Fe Railway Company v. Milam County.

Decided January 28, 1897.

Railroad—Condemnation of Highway Across—Damages.

Article 4435 Rev. Stats., which imposes upon railway companies the duty of constructing the crossings, etc., of public roads, applies in those cases ·where such roads are laid out by the county subsequently to the building of the railroad, as well as to those existing before; and the expenses of grading such crossing and putting in cattle guards, drain pipes, sign boards, whistling posts, and crossing planks, form no part of the damages which the railway company may recover, on condemnation by the county of a road crossing over its right of way. (P. 357.)

Questions Certified from Court of Civil Appeals, Third District, in an appeal from County Court of Milam County.

*J. W. Terry* and *Chas. K. Lee,* for appellant.—Adequate compensation in the sense of the Constitution and laws of this State, providing that no man's property shall be taken for public use, without compensation, embraces not only the value of the land taken, but also all other necessary expenses incurred by the party whose property is taken, incident to or growing out of the exercise of the right of eminent domain in the particular instance, and compensation for any additional burden or servitude which the exercise of the right necessarily places upon the land owner; and, as applied to railways, where a public road is sought to be laid out across its track, embraces not only the value of the land taken, but the reasonable cost of construction of the crossing, necessary cattle guards and fences, to close.its fence at such crossings, with the reasonable cost of maintenance of such crossing, and all other items of expense incident to the construction and maintenance of the crossing,—the railroad, under the law, being required to construct and maintain such crossing after the public road is established. Railway v. County of Plymouth, 14 Gray, 155; Railway v. County of Middlesex, 1 Allen, 324; Grand Rapids v. Railway, 58 Mich., 641; Railway v. Hough, 61 Mich., 507.

*J. K. Freeman,* for appellee.—The law imposes upon the appellant the duty of preparing and maintaining said public crossing at its own ex-

pense, said duty being a part of the consideration for the grant of its charter by the State of Texas. Rev. Stats., art. 4435; Railway v. Roland, 70 Texas, 298; Railway v. Ellis, 70 Texas, 307; Railway v. Greenbush, 52 N. Y., 510; Railway v. Brownell, 24 N. Y., 345; State v. Railway (Neb.), 45 N. W. Rep., 469. We call especial attention to the language of Judge Gaines in the last part of the Ellis case.

A motion for rehearing on the certified question was filed by appellant and was overruled. On such motion *J. W. Terry* and *Chas. K. Lee* filed an argument in support of the following propositions:

The Legislature has never placed the duty on a railroad company or made it an exception to the general rule. It is fundamental that statutes imposing additional burdens or infringing upon a man's property rights, are strictly construed. Endlich on Interpretation of Statutes, section 345, 341, 343; Acts, 19th Leg., Ch. 47, p. 45; Rev. Stats., art. 4426, 4435.

If the Legislature did intend to impose this additional burden on railroad companies, did they have the right to do so? Counsel discussed Railway v. Rowland, 70 Texas; State v. Railway, 45 N. W. Rep., 469; and cited Wooldridge v. Eastland County, 70 Texas, 681; Railway v. Railway, 86 Texas, 537; Railway v. Comrs. Jackson County, 46 Am. and Eng. R. R. Cases, 26; Railway v. Hough, 61 Mich., 508; Grand Rapids v. Railway, 58 Mich., 641; Railway v. Plymouth, 14 Gray, 155; Railway v. Cambridge, 55 Am. and Eng. R. R. Cases, 23.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for Third Supreme Judicial District has certified to this court the following statement and question:

"In February, 1895, the Commissioners Court of Milam County, by proper statutory proceedings, established a public road across the track of the Gulf, Colorado and Santa Fe Railway Company, and for that purpose condemned a strip of land thirty feet in width and one hundred feet in length, part of said railway company's right-of-way, and allowed said railway company thirty dollars damages.

"From the action of said court in allowing only thirty dollars damages the railway company appealed to the county court, which rendered a similar judgment, allowing the company only thirty dollars damages.

"The market value of the strip of land condemned was only thirty dollars, but the railway company contends that on account of the establishment of said public road across its track it will be compelled to do grading on both sides of the track, at a cost of $71.90; to put in cattle-guards (it having fenced its track), at a cost of $73.40; to put in two drain pipes, at a cost of $38.70; to put up a crossing sign-board, at a cost of $5.00, two whistling-posts, at a cost of $3.30 each, and crossing planks, at a cost of $6.50.

"The trial court held as a matter of law that the railway company was not entitled to recover for any of these items of damage, and its right so to do is a material question presented for decision; and the Court of Civil Appeals for the Third Supreme Judicial District has ordered the

question of said railway company's right to recover for said items of damage to be certified to the Supreme Court of Texas for decision.

"Therefore, if it be a fact that the establishment of the road across the railway company's track will compel the company to incur the expenses above enumerated, is the county liable therefor as part of the compensation allowed by the Constitution when private property is condemned for a public use?"

The county was not required by the Constitution and laws of this State to pay to the railroad company the items of damage claimed by it as stated above.

The duty of railroad companies in regard to the crossing of public highways over their tracks, is prescribed by the following article of the Revised Statutes:

"Article 4435. It shall be the duty of every railroad company in this State to place and keep that portion of its road-bed and right of way over or across which any public county road may run, in proper condition for the use of the traveling public, and in case of its failure to do so for thirty days after written notice given to the section boss of the section where such work or repairs are needed, by the overseer of such public road, it shall be liable to a penalty of $10 for each and every week such railroad company may fail or neglect to comply with the requirements of this article, recoverable in any court having jurisdiction of the amount involved, in a suit in the name of the county in which the cause of action accrued."

In the exercise of its police power the Legislature had the authority to require railroad companies to make and keep in repair the crossings of public county roads over and upon their railroads and their right-of-way. Railway v. Rowland, 70 Texas, 307; State v. Railway, 45 N. W. Rep., (Neb.) 469; Railway v. Commissioners, 79 Me., 386; Railway v. Deering, 78 Me., 61.

The law required this railroad company to place and keep in repair that portion of its road and right-of-way embraced in the county highway at the point of intersection, and in the discharge of that and other duties imposed upon it by the law, the railroad company might be compelled to do all of the things for which it claimed damages in this case. But it cannot be held under the statute that the county must compensate the railroad company for doing those things which the law required it to do, although that duty arose out of the fact that the county highway was laid out across the railroad.

Counsel for the appellant in this case admits that after the crossing was once constructed the railroad company must keep it in repair. The statute says that the railroad company shall place it in a safe condition and shall keep it in such condition, and this, in the absence of other provisions, necessarily imposes upon it the duty of constructing the crossing in the first instance, as well in those cases where the county road is laid out subsequently to the building of the railroad, as in cases where the county road existed before the railroad was constructed.