S. W. POWELL v. HOUSTON & TEXAS CENTRAL RAILROAD COMPANY.

No. 2135.   Decided March 29, 1911.

**1.—Constitution—Damage to Property—Railway—Obstruction of Travel—Special Injury.**

 Where a railway, by raising its tracks across a public street, temporarily by the delay in such work and permanently by its result diverted public travel to other streets, causing loss of business to the owner of a store and depreciation in the value of his premises on such street, this constituted damage to his lot within the terms of article 1, section 17, of the Constitution, for which he was entitled to recover.  It was an injury special to  him as owner of the premises, and recoverable as such, though the street in front of them and access to them therefrom was nót interfered with, and though other lot owners thereon were also damaged in a similar way.   (Pp. 222, 223.)

**2.—Damages—Sufficiency of Evidence.**

 Evidence as to diversion of business from plaintiff's store and depreciation in the value of his premises by the obstruction of travel on the street by raising the grade  of a railway crossing it, considered and held sufficient to entitle the question of damages to his property to be submitted to the jury.  (Pp. 223, 224.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Navarro County.

Powell sued the railway company and had judgment.  On defendants' appeal this was reversed and rendered in its favor.  Powell obtained writ of error.

*Treadwell & Tarver* and *Richard Mays,* for plaintiff in error.— Where in changing a grade level across a public street a railway company makes the crossing impassible or puts it in such condition as to unnecessarily impair its usefulness, and then abandons the work for six months, leaving it blocked and impassible, it is guilty of negligence, per se, and liable for any resultant damages.  Constitution, art. 1, sec. 17; Rev. Stats., arts. 4426, 4435; Railway Co. v. Byas, 12 Texas Civ. App., 657; Railway Co. v. Smith, 49 Texas Civ. App., 1; Railway Co. v. Butcher, 36 Texas Civ. App., 334.

The Court of Civil Appeals erred in holding that plaintiff's damages were common with those of other property owners in the same community and not peculiar to his property.  The court should have found that plaintiff's damages were special and recoverable.  Rev.

Stats., arts. 4426, 4435; Constitution, art. 1, sec. 17; Railway Co. v. Byas, 12 Texas Civ. App., 657; Railway Co. v. Smith, 49 Texas Civ. App., 1; Farmers, etc., Co. v. Railway Co., 29 L. R. A., 700; Railway Co. v. DeGraff, 102 Texas, 433.

It is not a sufficient reason for disallowing damages claimed that a party can state their amount only proximately; it is enough if from proximate estimates of witnesses a satisfactory conclusion can be reached. Dickinson Creamery Co. v. Lyle, 130 S. W., 906; Railway Co. v. DeGraff, 102 Texas, 433; 13 Cyc., 37.

The evidence in this case was sufficient to form the basis of a judgment for $350 for Powell. Railway Co. v. Bandat, 21 Texas Civ. App., 242; Sutherland on Damages, secs. 70, 1054; Brincefield v. Allen, 25 Texas Civ. App., 260; Rogers v. McGuffey, 96 Texas, 566; Railway Co. v. DeGraff, 102 Texas, 433; Dickinson Creamery Co. v. Lyle, 130 S. W., 906.

*Baker, Botts, Parker & Garwood, R. S. Neblett* and *R. R. Owen*, for defendant in error.—The defendant was not negligent in restoring the crossing. Rev. Stats., arts. 4428, 4433; Railway Co. v. Minter, 38 Texas Civ. App., 322; Scrutchfield v. Railway Co., 9 L. R. A. (N. S.), 496; Highnote v. Railway Co., 99 Texas, 23; Renner v. Canfield, 1 Am. St., 655.

The Court of Appeals correctly held that the evidence of loss of profits to appellee was too uncertain and conjectural to support a verdict, because the evidence did not furnish the jury any data or information from which it could find with even a remote degree of certainty or probability that plaintiff had sustained any damage, or the amount thereof. Railway Co. v. McDowell, 7 Texas Civ. App., 341; Railway Co. v. Simcock, 81 Texas, 504; Albertype Co. v. Fiest, 102 Texas, 220; Wooters v. Crockett, 11 Texas Civ. App., 483; Cram v. Laconia, 57 L. R. A., 283.

The Court of Appeals having found that a street between plaintiff's place of business and the obstructed crossing intersected First Avenue and afforded a convenient way for the travel by plaintiff's store, and afforded plaintiff free communication with the general system of streets on the west, correctly held that in legal contemplation plaintiff's damages, if any, were common, and not special, and that he had sustained no damages which he could recover. Hulse v. Powell, 21 Texas Civ. App., 471; Wooters v. Crockett, 11 Texas Civ. App., 475; Marchant v. Penna. Ry. Co., 153 U. S., 389; Meyer v. Richmond, 172 U. S., 81; East St. Louis v. Oflynn, 59 Am. Rep., 795; Railway Co. v. Eberle, 59 Am. Rep., 225; Smith v. Boston, 7 Cush., 254; Cram v. Laconia, 57 L. R. A., 282; Heller v. Atchison, T. & S. F. Ry. Co., 28 Kans., 625; Castor v. Albany, 43 N. Y., 399; Buhl v. Depot Co., 23 L. R. A., 392; Richmond Traction Co. v. Murphy, 98 Va., 110; Concord's Petition, 50 N. H., 530; Stanwood v. Malden, 16 L. R. A., 591; Kinnear Co. v. Beatty, 65 Ohio St., 264; Cummins v. Seymour, 79 Ind., 491; Dantzer v. Railway Co., 50 Am. St., 343; Lansing v. Smith, 8 Conn., 146; Blackwell v. Old Colony, 122 Mass., 1; Decker v. Railway Co., 133 Ind., 493; Scrutchfield v. Choctaw, O. & W. Ry. Co., 9 L. R. A. (N. S.), 496, and cases cited;

Rickets v. Metropolitan Ry. Co., Law Rep., 2 H. of L., 175; Caledonian Ry. Co. v. Ogilvey, 2 Macq. Sc. App., 229; Fearing v. Irwin, 55 N. Y., 486; Davis v. Hampshire County, 153 Mass., 213; City of Chicago v. Baker, 86 Fed., 753; Houck v. Wachter, 34 Md., 265; Winterbottom v. Derby, L. R. 2, Exch., 316; O'Brien v. Steel Co., 92 Am. St., 305; Bembe v. County, 57 L. R. A., 279.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We copy this statement of the evidence from the opinion of the Court of Civil Appeals:

"The evidence shows that appellee owned a lot of land on the south side of First Avenue, about 200 feet east of where the railroad crossed First Avenue, said crossing being just west of Seventh Street. Appellant, in attempting to comply with the Texas Railroad Commission's order to so construct its track that the Trinity & Brazos Valley Railway, which ran along Sixth Street, just east of appellee's store, could cross under appellant's track at a point a short distance north of First Avenue, raised its track across First Avenue to a height that rendered said street at said point practically impossible for travel and stopped work thereon for several months. During this time the city placed obstructions at said point which deterred any person from attempting to cross at said point. First Avenue was a regular thoroughfare for persons entering the city from the north and northeast. The main business section of the city is on Beaton Street and First Avenue intersects Beaton Street about two blocks north or where said business section begins. To reach the business section of said Beaton Street, it is as near for parties coming into the city from the north and northeast to leave First Avenue at Fifth or Seventh Streets, go down to Second or Third Avenues and thence to Beaton Street, as it is to travel First Avenue to Beaton Street, thence to the business section. Travel was diverted at Fifth Avenue, thence down said avenue to Second Avenue, thence diagonally across one block to Third Avenue, thence to Beaton Street. The appellant's right of way is immediately west of Seventh Street.

"Appellee's store abutted on First Avenue, which was obstructed by the appellant some 200 feet west from said store, but the street in front of said store and ingress and egress to and from the store was not interfered with, further than the free passage along said street at the point of obstruction. There was a street immediately west of the block in which appellee's premises were situated, and between the obstruction and said premises, and this and other streets running north and south and east and west, all open to travel, which gave him and that section free access to all parts of the city, and the only interference, as before stated, to travel was the obstruction on First Avenue caused by appellant, and this obstruction did not increase the distance to the main part of town for the appellee or those living in that section, nor those living in the country to the north and northeast. The obstruction only caused an inconvenience in reaching that portion of First Avenue lying west of the obstruction to those living east thereof, and they were only inconvenienced by having to travel the distance of around one block."

We add to the statement as made by the Court of Civil Appeals that the plaintiff below alleged in his petition that the work was prolonged an unreasonable time, beyond what was necessary to do it, during which time the crossing was impassible, which caused damage to his business. He testified to facts from which a jury might have concluded that his trade was greatly lessened, causing damage. Plaintiff testified that before the raising of the grade his property was worth $1300, and since that crossing was raised it was worth one-third less.

Article 1, section 17, of our State Constitution, as it is applicable to the facts of this case may be read thus: "No person's property shall be . . . damaged for . . . public use without adequate compensation being made, unless by the consent of such person." Does the evidence show such damage to the plaintiff's property as comes within the protection of the above section of the Constitution? We condense and restate the facts which the evidence tends to establish. The railroad was constructed and operated across a street in the city of Corsicana about two hundred feet from a lot abutting on that street which plaintiff owned and upon which he had a storehouse where he transacted his business as a merchant. Under a contract with the Brazos Valley Railroad, approved by the Railroad Commission, the defendant in error raised its grade at that point about two feet, and thereby obstructed the crossing for a time, and it unnecessarily delayed for several months the completion of the work by which the travel of persons over the said street from points beyond the railroad track was interrupted, which travel would have come to the store of the plaintiff in error for the purpose of trading with him. The alteration of the said grade by raising it two feet higher made it more difficult to cross and impaired the plaintiff's right of access to and from his property by persons who would have traded with him and who had been trading with him, whereby the value of his property was diminished in the amount alleged in the petition. The change in the grade is permanent and whatever effect it had upon the property of the plaintiff is permanent in its nature.

The ownership of the lot abutting upon the street carried with it as property the right of free and unimpaired access thereto and egress therefrom and whatever impaired that right and caused a depreciation of the value of the lot constituted *damage* to the lot within the meaning of the Constitution. O'Brien v. Central Iron Co., 158 Ind., 218, 92 Am. St. Rep., 305; Gulf, C. & S. F. R. R. Co. v. Fuller, 63 Texas, 467.

It was not necessary that the obstruction should be in front of or near to the plaintiff's property, but the test of the right to recover in this action is what effect did that crossing and the condition in which it was have upon the value of the plaintiff's property and upon the exercise of his right of egress and ingress.

"The conclusions thus stated in the first edition have been verified by numerous decisions since rendered, and, we believe, without any material dissent, except in the case of Missouri, as shown below. If a street or public way communicating with the plaintiff's premises

is obstructed elsewhere than in front of the plaintiff's property, as by a viaduct or bridge, or approach thereto, or by a railroad crossing a street in a cut or on an embankment, or otherwise, and the result of such obstruction is to render such property less valuable either to sell or to use, then the property is damaged, and compensation may be recovered to the extent of the depreciation." (Lewis on Eminent Domain, par. 354, p. 646.)

The above extract from that excellent writer is supported by many authorities, of which we cite these: Rigney v. Chicago, 102 Ill., 64; Coker v. A., K. & N. Ry. Co., 123 Ga., 483; Highbarger v. Nilford, 71 Kan., 331; Dantzer v. Ind., etc., R. R., 141 Ind., 604; Cooper v. Dallas, 83 Texas, 242; Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 175.

There can be no doubt under these authorities and the facts of this case that a jury might find that there was damage caused by the crossing to the property and to the trade of the plaintiff in error. But the Court of Civil Appeals placed their decision upon the additional ground that the depreciation in the value of the lot, by reason of the condition of the said crossing, is such as was suffered by all others owning property in his vicinity. This proposition can best be answered by quoting from Texas & N. O. Ry. Co. v. Goldberg, 68 Texas, 688, as follows:

"The fact that the injury was common to all other property holders on the street would not bar the plaintiff's right of recovery. The plaintiff sues for a special damage to his own property by reason of defendant's having impaired the use of the street upon which it fronts. It does not affect his right to recover, that the owners of property fronting on the same street have been injured in the same manner. This is a loss peculiar to plaintiff's property, and not one he suffers in common with the community generally where the property is situated. (Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Texas, 467.)"

The law is so clearly stated by Judge Gaines in the above extract that we are unable to add any force to the reasoning which supports the conclusion announced. The depreciation of the value of the lot which belonged to Powell does not affect others who might own property in the same neighborhood, neither does the depreciation in the value of the property of others affect Powell, therefore the injury suffered by Powell is special and personal to himself and does not come within the rule which is invoked by the Court of Civil Appeals.

In addition to the statement of the Court of Civil Appeals the plaintiff testified that his property before the change in the grade in the street was worth $1300 and after the grade had been so changed and up to the time of the trial it was worth one-third less than that sum. This was sufficient evidence to go to the jury on the question of damage to the lot and which was submitted by the court to the jury in a charge fair and just to the defendant. Plaintiff also testified as to the volume of trade which he did before the time the grade of the street was interfered with and the volume of trade that he did during the time that the crossing was obstructed also since it had been opened. He also testified to the average percent

of profit that he made on the goods sold. He stated that he had many customers from different directions from the opposite side of the railroad track who had previously come to his store over the street on which this obstruction now exists and that during the time the obstruction existed many of those customers did not visit him as they did before. He also stated that he had customers on the opposite side of the railroad track to whom he delivered articles upon order and that the condition of the crossing made his access to those customers much more difficult than it was previously. It would be quite difficult to prove with any degree of certainty the damages which might arise from the interference with trade under circumstances such as are shown in this case, but the evidence is such that a jury might with reasonable certainty ascertain the damage done. We therefore hold that the trial court did not err in submitting to the jury the issue of damage to the property and to the trade of plaintiff and that the Court of Civil Appeals erred in reversing and rendering the judgment in this case. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the cause be remanded to the District Court for another trial.

*Reversed and remanded.*