**PERRY et al. v. WICHITA FALLS, R. & F. W. R. CO. (No. 9707.)**

(Court of Civil Appeals of Texas. Fort Worth. Jan. 7, 1922. Rehearing Denied Feb. 18, 1922.)

1. **Eminent domain ⟨⟩238(6)—Statutes governing award by commissioners apply to trial in court on appeal.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 6518, 6520, 6521, governing the award of compensation and damages by commissioners in condemnation proceedings, are also applicable in the trial of the same issues in court upon appeal from the award of the commissioners.

2. **Eminent domain ⟨⟩91—Statutes do not authorize recovery of special damages.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 6518, 6520, 6521, governing the award of damages in condemnation proceedings, do not authorize a recovery of any special damages.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Eminent domain ⟝90—Failure to fence right of way not considered permanent injury.**

The failure of a railroad company to fence its right of way condemned through defendants' land cannot be considered as a permanent injury, since the law penalizes the company for failure to fence and making it liable for stock killed, and the railroad may fence at any time.

**4. Eminent domain ⟝222(1)—Refusal of instruction not to consider benefits to community held not error.**

Where the court had charged the jury the substance of Vernon's Sayles' Ann. Civ. St. 1914, arts. 6518, 6520, as to the estimation of benefits and damages in condemnation proceedings, the omission therefrom of the provision of article 6521 that in estimating either injuries or benefits those which defendants sustained or received in common with the community generally, and which are not peculiar to them and connected with their ownership, should be excluded, was not error, where there was no evidence that the community in general would be benefited by the building of the railroad.

**5. Trial ⟝260(10)—Requested instruction on measure of damages need not be given after instruction on statutory measure.**

Where the court in eminent domain proceedings had given a charge on the measure of damages which was in substantial compliance with the statutes, there was no error in refusing defendants' requested instruction on the same issue.

**6. Trial ⟝194(20)—Requested instructions as to elements of damages held on weight of evidence.**

In proceedings to condemn a railroad right of way, requested instructions that in assessing damages to the land not taken the jury might consider expenses necessary to restore defendants' fences, inconveniences occasioned in the use of the land for pasturage and annoyances occasioned by the operation of the trains were properly refused as on the weight of the evidence.

**7. Eminent domain ⟝93—Intended use by owners cannot be considered in assessing damages.**

Though the value of the land for any purpose to which it is adapted may be considered in assessing the damages in condemnation proceedings, it is not competent for the owner to show what use he intended to make of the property and to recover damages based on such intended use, since such damages are too speculative.

**8. Eminent domain ⟝262(5)—Exclusion of testimony as to destruction of building held not prejudicial to owner.**

In proceedings to condemn a railroad right of way the exclusion of evidence that the railroad was constructed across a knoll having trees thereon, which was the only suitable building site on the land, and that the site had been destroyed, was not prejudicial to the owners, where the location and the description of the knoll were proven without objection, and also the fact that the right of way cut through the knoll and separated a small portion from the rest, and where the witnesses who were prevented from testifying as to the depreciation caused by the destruction of the knoll did state their estimate as to the depreciation of the market value of the entire tract due to the construction of the railroad.

Appeal from Erath County Court; E. E. Solomon, Judge.

Suit by the Wichita Falls, Ranger & Fort Worth Railroad Company against T. H. Perry and others to condemn a right of way across lands owned by defendants. From a judgment of condemnation entered in accordance with the verdict of the jury, defendants appeal. Affirmed.

Thompson & Pittman, of Stephenville, for appellants.

Chandler & Pannill and J. A. Johnson, all of Stephenville, for appellee.

DUNKLIN, J. The Wichita Falls, Ranger & Fort Worth Railroad Company instituted this suit against T. H. Perry and others to condemn a right of way across certain land owned by the defendants, situated in Erath county, about four miles from the town of Dublin.

The case was tried before a jury, to whom was submitted special issues. The amount of land actually taken for right of way purposes was 3.43 acres, and the jury allowed the defendants therefor the sum of $171, which was the full amount claimed by the defendants. The jury also allowed $179 as damages to the remainder of the land not so taken, and from a judgment entered in accordance with that verdict the defendants have appealed.

The trial court sustained exceptions to several sums of money which were claimed by the defendants by way of special damages to the land not taken for right of way purposes; one claim being for $1,000, by reason of alleged destruction of what was claimed by the defendants as a suitable building site, another being for $250 for removing that part of defendants' fence which crossed the right of way, and another one for $500 for the failure of the railroad company to fence its right of way. There was no error in that ruling. The allegation of facts constituting the two first items of special damages were permitted to remain in the petition. We know of no ruling that would allow the recovery of special damages by reason of any of those facts. Articles 6518, 6520, and 6521, V. S. Tex. Civ. Statutes, read as follows:

Article 6518. "Said commissioners shall hear evidence as to the value of the property sought to be condemned, and as to the damages which will be sustained by the owner thereof by reason of such condemnation, and as to the benefits that will result to the remainder of such property belonging to such owner, if any, by

the construction and operation of such railroad, and shall according to this rule assess the actual damage that will accrue to such owner by said condemnation."

Article 6520. "When only a portion of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and the benefits received thereby by the owner as to the remaining portion of such real estate; whether such remaining portion is increased or diminished in value by such condemnation, and the extent of such increase or diminution, and shall assess the damages accordingly."

Article 6521. "In estimating either the injuries or the benefits, as provided in the preceding article, those injuries or benefits which the owner of such real estate sustains or receives in common with the community generally, and which are not peculiar to him and connected with his ownership, use and enjoyment of the particular parcel of land, shall be altogether excluded from such estimate."

[1-3] Those articles not only control commissioners appointed to assess damages in condemnation proceedings, but also are applicable in the trial of the same issues upon appeal from the award made by the commissioners, as occurred in the present suit; and they do not authorize a recovery of any special damages. The failure of the railroad company to fence its right of way could not be said to be of permanent duration, and hence could not in any event be considered as a permanent injury to the land. For such failure the law punishes the railroad company by way of damages for any stock that may be killed upon the track where the right of way is not fenced. And the right of way may be fenced at any time.

[4] The trial court, after clearly instructing the jury as to the measure of damages to be allowed to the defendants for the land actually taken for right of way purposes and for depreciation in the value of the remainder of the tract, gave this additional instruction:

"In estimating the value of said premises with and without the railroad being on said land, you will base your estimate on the fair market value of the same, and in this connection you should consider if the petitioners, the said railroad company, favor such benefits, if any, as the defendants, T. H. Perry et al., may have derived from the location of said railroad on their land, immediately after said right of way was constructed and established across their land."

That instruction was substantially in accord with the provision of articles 6518 and 6520. Error has been assigned to the failure of the court also to further instruct the jury that in estimating either injuries or benefits those injuries or benefits which the defendants have sustained or received in common with the community generally, and which are not peculiar to the defendants and connected with their ownership, use, and enjoyment of the land, should be excluded from such estimate, in accordance with article 6521. No estimate was introduced to show that property in, that community, generally speaking, would be benefited by the building of the railroad, and in the absence of such proof it does not appear that the failure of the court to give in his charge to the jury the provisions of article 6521 resulted in any probable harm to the defendants; hence the assignment now under discussion is overruled.

[5] The charge given by the court on the measure of damages was in substantial compliance with the statutes, and for that reason there was no error in the refusal of the defendants' requested instruction on the same issue.

[6] The defendants' request for an instruction to the jury that in assessing defendants' damages to the land not taken for right of way purposes they might take into consideration all expenses necessary to restore defendants' fences on the land and inconveniences occasioned in the use of the land for pasturage purposes and annoyances occasioned by noise, dust, cinders, and smoke in the operation of the railroad's train, were properly overruled, because the requested charges were upon the weight of the evidence, and, besides, the court did charge the jury substantially in compliance with the statutes quoted above, which are of controlling effect.

[7] The trial court instructed the jury that in estimating the damages to the land not taken for right of way purposes they could not take into consideration any proposed use by the defendants of any part of the land as a building site. There was no error in that instruction, since it seems to be well settled that in estimating damages in cases of this character the value of the land for any purpose to which it is adapted may be considered, yet it is not competent for the owner to show what use he intended to make of the property and recover damages based upon such intended use, since the same is entirely too speculative. Lewis on Eminent Domain, § 480.

What we have already said is a sufficient answer to the further complaint of the court's charge to the jury that in assessing damages they would not take into consideration the failure of the railroad company to fence its right of way.

[8] The following question was propounded to each of several witnesses who were offered by the defendants to prove their damages:

"Taking into consideration the way and manner in which the railroad company located and constructed its right of way and roadbed across this land, I will ask you whether or not in so locating its right of way and roadbed the railroad company destroyed any place on said land suitable for a building site?"

(238 S.W.)

To the action of the court in sustaining objections to that question, the appellants have assigned error, and in the bills of exception to the ruling it is asserted that but for such objection the witnesses would have testified that the railroad had been constructed across a knoll which had trees thereon, which was also near the public road, and which was the only suitable building site on the land; that the building site had been destroyed, and by reason thereof the market value of the land not taken for right of way purposes had been greatly depreciated. The evidence shows that the location and description of the knoll was proven without objection; that trees were cut therefrom by the railroad company; that it was located near the public road; and that an acre and a fraction over was cut off by the right of way from the rest of the tract. With all those facts in evidence, we perceive no reason why the jury could not form their own estimate as to whether or not the knoll was a suitable building site, or the most suitable building site, and whether or not the act of the railroad company in building its right of way across it and cutting off a portion of it depreciated the market value of the remaining portion of the land not taken for right of way purposes. Besides, each and all of the witnesses to whom the question was propounded testified explicitly that the market value of the land not taken for right of way purposes was depreciated by the building of the road, and each witness gave his estimate of the amount of such depreciation, and one of the witnesses testified that, but for the building of the road across the knoll, in his opinion, the land not taken for right of way purposes was not depreciated in value at all. Under all those circumstances we overrule the assignment now under discussion.

By another assignment it is insisted that the overwhelming preponderance of the evidence was sufficient to warrant a larger amount of damages, and that therefore the judgment was erroneous. After a careful consideration of the evidence we overrule this assignment.

For the reasons stated, the judgment is affirmed.