## HART BROS. v. DALLAS COUNTY.
### (No. 599–4430.)

(Commission of Appeals of Texas, Section B.
Feb. 10, 1926.)

**1. Eminent domain ⬥147—Difference between value of leasehold before and after injury is not full compensation to lessee.**

Rule that correct measure of damages to lessee of real estate, by reason of elevation of highway obstructing approach to leased premises, was difference between value of leasehold immediately before such improvement and immediately after its completion, *held* not to give full compensation; lessee being entitled to damages for loss of profits.

**2. Eminent domain ⬥69—Provision in Constitution, that property shall not be taken for public use without compensation, includes county as subdivision of state with powers of eminent domain.**

Const. art. 1, § 17, providing that property shall not be taken for public use without adequate compensation, *held* broad enough to include county as subdivision of state with powers of eminent domain, and to protect rights of lessee of real estate for loss of profits in business, if such business be considered as property.

**3. Eminent domain ⬥107—Lessee entitled to damages for loss of profits, and necessary expenditures made during reconstruction of county highway.**

Where lease had not been rendered worthless, nor lessee's business finally destroyed because of reconstruction of county road, lessee was entitled to recover such sum as damages as would compensate for loss of profits and necessary expenditures made during temporary interruption of business.

**4. Eminent domain ⬥107—Allowing damages for injury to land and to business conducted thereon is not double recovery.**

Allowance of damages for injury to land, and at the same time damages for injury to mercantile or other business conducted thereon, is not a double recovery.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Hart Bros. against Dallas County. Judgment for plaintiffs was reversed and remanded by the Court of Civil Appeals (271 S. W. 408), and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed, and that of trial court affirmed.

George Sergeant and Leake, Henry, Wozencraft & Frank, all of Dallas, for plaintiffs in error.

Muse & Muse, of Dallas, for defendant in error.

SPEER, J. Plaintiffs in error, who were the owners of a lease upon a certain lot fronting on West Dallas pike in the city of Dallas, sued defendant in error to recover damages for the depreciation or destruction of the value of such lease, for the loss of certain profits sustained in the operation of their business conducted upon such lot, and for certain expenditures in connection therewith, all because the county, in the reconstruction of said road, had altered the same in such way as to obstruct the only avenue of ingress and egress to and from their premises. The trial court entered a judgment for the plaintiffs upon findings by the jury that they had sustained a loss of profits pleaded by them, and likewise had expended certain sums of money in consequence of the reconstruction of the road by defendant county. The Court of Civil Appeals reversed the judgment of the trial court upon the proposition that the plaintiffs' cause of action was for damages to their leasehold interest in the land, the correct measure of which was the difference between the value of the leasehold immediately before the commencement of such public improvement and immediately after its completion. See 271 S. W. 408.

[1] The rule adopted by the Court of Civil Appeals does not afford plaintiffs in error full compensation for their loss. The theory of all proceedings to assess actual damages is based upon the conception of allowing compensation for a loss actually sustained. It is of course not contemplated that a plaintiff will recover more than his loss, by way of anticipated profits or the like, but it is contemplated that his actual loss will be made good. What is the safest method for arriving at a determination of this just, fair, and full compensation has often engrossed the best thought of the courts. The rule has been carefully considered in George v. Hesse, 93 S. W. 107, 100 Tex. 44, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, an action to recover damages for fraudulent representations as to property given in exchange. The court said: "Logically, therefore, what he has lost by the transaction is the measure of his damages." To compensate this actual loss is the primary purpose of every action for damages. Plaintiffs in error's pleadings presented the issue of damages to the value of their leasehold interest in the land, but such issue appears not to have been submitted in the trial court. This itself is an answer to their suggestion that the judgment of the trial court should be sustained upon the presumption of a finding in their favor upon that issue; such issue not having been submitted nor requested to be submitted. But it affirmatively appears from the judgment that it is based upon the verdict, and therefore for this, if for no other reason, we cannot indulge such presumption.

[2] But it is equally clear plaintiffs in error pleaded the special elements of damage—that is, lost profits and necessary expenditures—during the period when the highway

was being reconstructed and the approach to their property cut off. So that the question arises whether or not such elements of damages are recoverable in a proceeding like this. Article 1, § 17, of our Constitution provides:

"No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person."

This is broad enough to include defendant in error as a subdivision of the state with the powers of eminent domain (see Dallas County v. Barr [Tex. Civ. App.] 231 S. W. 463), and to protect plaintiffs in error in the particular wherein they have recovered, if their business be considered as "property."

[3] Plaintiffs in error do not show a case of an actual taking of their property or of the complete destruction thereof, so as to fix their damages once for all in the value of the property taken or destroyed, but rather they make a case of a temporary interference for a definite time, with their established business, whereby they sustained a loss of profits and were compelled to make necessary expenditures, in amounts easily ascertainable. Their lease has not been rendered worthless nor their business finally destroyed. They continued to use their property as adapted to the changed conditions. Under those circumstances there is no doubt but that they are entitled to recover damages in such sum as will compensate them for the loss of the profits they would have derived, and the expenditures they were required to make, during the temporary interruption of their business. Otherwise they would not get full compensation for their loss.

In Powell v. H. & T. C. R. Co., 135 S. W. 1153, 104 Tex. 219, 46 L. R. A. (N. S.) 615, a case where the railroad company had obstructed a street, by reason of which the plaintiff had suffered an injury through loss of profits in trade, his business being an established, going concern, the court said:

"We therefore hold that the trial court did not err in submitting to the jury the issue of damage to the property *and to the trade* of *plaintiff*." (Italics ours.)

[4] It is in no sense a double recovery to allow damages for injury to one's land or interest therein, and at the same time to allow damages for injury to his mercantile or other business conducted thereon. It takes both to compensate for the full loss where the land and the business as well have been damaged. It is readily seen in such a case that, by cutting off the approach to one's business, the loss to such business might be considerable, whereas the injury to the land might be negligible.

In American Construction Co. v. Caswell (Tex. Civ. App.) 141 S. W. 1013 (writ refused),

loss of profits to an established business was held to be recoverable as an element of damages, where the same was occasioned by structures in the street cutting off the access to plaintiff's business. See, also, G., H. & S. A. Ry. Co. v. De Groff, 118 S. W. 134, 102 Tex. 433, 21 L. R. A. (N. S.) 749; San Antonio v. Royal (Tex. Sup.) 16 S. W. 1101; I. & G. N. Ry. Co. v. Capers, 77 S. W. 39, 33 Tex. Civ. App. 283; Humphreys Oil Co. v. Liles (Tex. Com. App.) 277 S. W. 100.

We have carefully examined the assignments of error presented in the Court of Civil Appeals by defendant in error, and find none that should be sustained. We have given no consideration to the minor questions of whether or not the verdict and judgment embrace a double recovery, items not recoverable, or the like matters, since no such points have been raised by defendant in error at any stage of the appeal, but the case has been presented and determined upon the major proposition of the measure of legal damages to be applied. Holding, as we do, that the trial court applied the correct measure of damages in permitting a recovery for lost profits during the interruption of plaintiffs in error's business, we recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.