## THE CITY OF WACO V. J. B. MESSER ET AL.

No. 6297.   Decided January 30, 1935.
(78 S. W., 2d Series, 169.)

*John McGlasson*, City Attorney, and *George W. Morrow*, Assistant City Attorney, for plaintiff in error.

In estimating the value of land in a condemnation proceedings the proper issue should be the reasonable market value of the land with the improvements thereon; not a separate value for the land and another for the improvements.   Texas & St. L. Ry. Co. v. Matthews, 60 Texas, 215; Houston, E. & W. T. Ry. Co. v. Adams, 63 Texas, 200; Logan County v. Davenport, 214 Ky., 845, 284 S. W., 98; Slattery v. City of St. Louis, 120 Mo., 183, 25 S. W., 521.

*Frank R. Valentine* and *J. A. Kibler*, both of Waco, for defendants in error, J. B. and Mary Lee Messer; *Barney A. Garrett* and *Tom. P. Scott*, both of Waco, for defendant in error A. H. Parker.

The court properly instructed the jury that in estimating the value of the land they might take into consideration the improvements on the land and the lease of the stand thereon. Ft. Worth, D. & S. P. Ry. Co. v. Judd, 4 S. W. (2d) 1032.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The City of Waco brought this suit to condemn a certain strip of land, belonging to J. B. Messer and Mary Lee Messer, for the purpose of widening a street. A. H. Parker held, under lease from J. B. Messer, a part of said strip of land, upon which stood a building called "a stand," in which Parker conducted a grocery business. The case was tried to a jury, on special issues, resulting in a verdict for the Messers for $1,500; and for Parker for $150.00. Judgment was entered in accordance with the verdict. On appeal by the city, the Court of Civil Appeals reformed the judgment of the trial court, in respects not presently material, and affirmed said judgment as reformed. 49 S. W. (2d) 822. The city sued out the writ of error.

The city makes no complaint of the judgment in so far as same is in favor of Parker. The only complaint made here, respects the Messers. The city contends that the verdict and judgment, in favor of the Messers, involve a double recovery. Among the special issues submitted to the jury was one in these words:

"Special Issue No. 1. What do you find from a preponderance of the evidence, was the reasonable market value of the 25x125 foot strip of land, with the improvements thereon, taken by the City of Waco from the property located at 4th and Jefferson Streets, belonging to defendants on March 18, 1931?" The jury answered: "$1,500.00." In connection with this special ssue, the court charged the jury as follows:

"In estimating such value, you may take into consideration the value of the lease of the stand and on said land, the value of said stand itself, the shade trees and that portion of the garage and barn actually taken and destroyed, as shown by evidence herein, if any, but you shall not take into consideration, in answering this question, any value of said stand or lease, to defendant, A. H. Parker."

It will be observed that under this charge, the jury were allowed, in answering the special issue, to take into consideration the value of the lease of the stand, and also the value of the stand. As regards the Messers, the essential basis of value respecting the lease was the use of the stand for rental purposes. The jury were allowed to assess, as an element of damage, the value of this use, as applied to the lease to Parker. At the same time, the jury were authorized by the charge to assess, as an element of damage, the value of the stand. Plainly, the charge allowed a double recovery in this respect, for the reason the value of the stand would include the value of its use for any purpose, and therefore would necessarily include the value of its use for rental purposes. The charge was erroneous in the respect shown. Since the error affects the lump sum found by the jury, and the record affords no means by which to determine accurately the extent that the verdict is vicious, we are unable to reform the judgment in this respect. International & G. N. Ry. Co. v. Cooper, 1 S. W. (2d) 578.

We deem it proper to suggest that the charge, as a whole, is a general charge and, perhaps, is subject to criticism in material respects. We make this suggestion in view of another trial.

The judgment of the trial court, and that of the Court of Civil Appeals, in the respect that same are in favor of the Messers, are reversed and the cause is remanded, as between the latter and the city. In all other respects, the judgments of both courts are affirmed.

Opinion adopted by the Supreme Court, January 30, 1935.