**PRIOLO et ux. v. CITY OF DALLAS.**

No. 14282.

Court of Civil Appeals of Texas. Dallas.

Oct. 13, 1950.

Dissenting Opinion Nov. 24, 1950.

Rehearing Denied Nov. 24, 1950.

Wm. Andress, Jr., Dallas, for appellants.

H. P. Kucera, City Atty., H. Louis Nichols and Jon H. Shurrette, Asst. City Attys., all of Dallas, for appellee.

CRAMER, Justice.

Appellee City of Dallas filed this proceeding to condemn a portion of appellants' business and residential property. The portion desired by the City is located

immediately in front of the brick building at the corner of Dolphin Road and Forney Avenue, and is marked "Condemned" on the plat introduced in evidence as follows:

etc. This appeal has been duly perfected from that judgment.

Appellants' first point is as follows: "Priolo's profitable grocery and liquor

On the trial before a jury, they found, in substance, (1) that the market value of the part taken was $1,200; (2) that the market value of the remainder not taken was $30,000 before the taking and (3) $28,200 after the taking; (4) that appellants suffered loss of profits in their business as a result of the temporary obstruction of Dolphin Road (5) in amount of $326; and (6) appellants will not suffer loss of profits in the future by reason of the taking of the strip of land condemned.

Judgment was entered, based on the jury's answers, awarding the condemned property to the City; and awarded appellants $1,200 for the land taken, $1,800 damages to remainder of the property, and $326 temporary damage to the business during construction work by the City on Dolphin Road,—a total of $3,326, plus costs,

business is property, and the court's charge, which limited damages incurred by the remaining property because of condemnation of a portion, to the damage to the land itself, is improper and fails to fully compensate the property owner for damage to his business, as required by the Constitution."

Appellee's counterpoint is as follows: "Appellants' grocery and liquor business is not 'property' within the meaning of the eminent domain statutes authorizing the recovery of compensation by any person whose property is taken or damaged under the right of eminent domain, and the trial court did not err in submitting issues to the jury inquiring as to the market value of the remainder of appellants' land immediately before and after the taking of a portion for street widening purposes."

The record shows that during the trial Arthur Wolf, a real estate expert witness for appellants, testified in substance that the whole of that part of appellants' property not taken was worth $32,000 before the taking and $20,000 afterward; that the change in value was the result of loss of the parking space; that future loss of business in the two stores would be perpetual, that is, as long as the business is located there. The estimate was based on amount of business done, amount of business arriving by way of automobiles, otherwise, etc. Such loss was based on the fact that the property, at present time, is a going concern,—a successful business—. Witness had some basis upon which to value the property and the business which he said would have considerable to do with it. A going business like this, with good location and good management, and successful management, are facts that should be taken into consideration in figuring the market value of the property. The next witness, Joe Cole, a real estate salesman specializing in the sale of business opportunities exclusively, qualified as an expert witness and was questioned as to the value of appellants' property based, among other elements, on the amount of gross sales and net operating profit during the year 1949, and was also asked whether he knew the fair market value of those businesses in Dallas County in 1949. After the witness answered "Yes," and after the following objection, to wit, "(Mr. Nichols): We object to that for the reason that the value of the business is not an element to be considered. It is not the proper measure of damages in this case because the City is not condemning the business and they are not taking the business and there is no liability on the part of the City—for the value of Mr. Priolo's property as such—that is the question here—that testimony regarding the value of the business is immaterial, irrelevant and incompetent and prejudicial", the court sustained the objection and excluded the testimony.

■ In our opinion it was error to sustain such objection. A going business is property. Hart Bros. v. Dallas County, Tex.Com.App., 279 S.W. 1111. Our Constitution, Art. 1, sec. 17, Vernon's Ann.St., states: "No person's *property* shall be taken * * *," etc. The Legislature could not and did not limit the compensation in this case to the land alone, either by statute or in the City Charter, to less than the Constitution provided for.

■ The evidence of gross sales, net operating costs, the value of the grocery and liquor store before and after the taking of the land condemned, are not ultimate facts in themselves, but are elements to be considered by the seller or the purchaser of the property; and since the market value of property is the price a seller of property, who desires to sell but who does not have to sell, will take, and a buyer of the property, who desires to buy but does not have to buy, will pay, naturally both parties in arriving at the sales price as between themselves would consider such elements. Such facts constitute material evidence for the jury in passing on the ultimate issue of market value. City of La Grange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243. It was therefore error to exclude the testimony above referred to and such error necessitates a reversal of the judgment below. It is not necessary for us to pass upon other assignments except to sustain the City's cross assignments to the submission of the temporary loss of business profits as a separate item of damage,—upon which $326 of the court's judgment was based, since only permanent damage is recoverable under the facts here.

Nothing we have said conflicts with State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, in which case attention was called to the difference between the elements of damage, evidence of which is admitted for the purpose of enabling the jury to apply the Rule as to damages recoverable for that part of the property not taken. In fact our holdings above followed the Carpenter case strictly. The form of the issues in an eminent domain proceeding as set out in the Carpenter case is the proper form to submit to the jury and should still be the trial court's guide in such cases.

■ The property, consisting of land, a building or buildings, and a business es-

tablishment thereon, is considered as a whole in the ultimate issue as to market value. The court here erred in submitting separately the issue of damage to the land as such, since the ownership of the land, the improvements and business here are all in the same person. The cases of Dallas County v. Barr, Tex.Civ.App., 231 S.W. 453, and Hart Bros. v. Dallas County, Tex. Com.App., 279 S.W. 1111, illustrate the law where ownership of land and business is in different persons. There, Barr, in a separate suit, recovered for the land, and Hart Bros. in their suit recovered for damages to the business which was held to be property. In such cases the issues were divided to fit the particular interest each party owned. There each party could recover in his suit only for his property.

For the reasons stated, the judgment below is reversed and the cause is remanded for another trial, not inconsistent with this opinion.

BOND, C. J., dissents.

BOND, Chief Justice (dissenting).

I am not in accord with the majority in holding that the trial court committed reversible error in refusing to allow the witness Joe Cole to testify as to the value of appellants' liquor and grocery business located on the remainder of the property being condemned, as a separate item of damages in the condemnation proceedings. The reversal of this cause forcibly demonstrates that the great and inexcusable delay in the disposition of law suits is, in many instances, a distinct reproach to the administration of justice. Rule 434, Texas Rules of Civil Procedure, provides: "* * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, * * *."

Reviewing the record in this appeal, it consists of a 311–page statement of facts, 49–page transcript, large bundle of exhibits, plats, photographs, etc., with bill of costs in sum of $225.55. The proffered testimony of the witness Cole, at most, was only his opinion, not based upon any fact in the record and cumulative of other testimony on which appellants' point of error is based and overruled by the majority as hereinafter related; too remote, speculative, and conjectural; hence not calculated to have affected the findings of the jury and the judgment of the trial court as to cause reversal of said judgment.

The proffered testimony of Cole, restated, is to the effect that in 1948, prior to the condemnation, Priolo's businesses were of the fair cash market value of $18,000, and after condemnation the value of such businesses (not real estate) was $12,000. Such values were based on the hypothesis that in 1948 the gross volume of sales was $80,390.34, with a net operating profit of $17,147.42; that more than one-half of Priolo's customers came in cars and he then had space available in front of his stores for "off-street head-in parking" for seven cars; but in 1949, as a result of the condemnation, he had space available for only two cars parked alongside his place of business. In other words, Cole's testimony, excluded by the Court, was to the effect that the City, in taking a strip of land in front of Priolo's place of business to widen and improve the street, reduced the parking space for seven cars to a space for only two cars; and such reduced parking space caused a loss of defendants' business profits, separate and distinct from the real estate value. It will be seen that there was no attempt to qualify the witness as an expert regarding the market value of the land involved, either before or after the condemnation; the proffered testimony was not tendered for the purpose of showing the effect of such loss, or devaluation, on the value of the land taken, or the remainder on which the business was conducted.

Article 3265, Vernon's Revised Civil Statutes, 1925, in prescribing the rule for damages applicable in condemnation cases, does not authorize recovery of damages outside the realm of value of the land taken and damage to the remaining land not taken; it does not authorize recovery of

any temporary special damages or inconveniences. Only permanent damages. Perry v. Wichita Falls, R. & F. W. R. Co., Tex.Civ.App., 238 S.W. 276; Kennedy v. City of Dallas, Tex.Civ.App., 201 S.W.2d 840; Fitzgerald v. City of Dallas, Tex.Civ. App., 34 S.W.2d 682; City of Trinity v. McPhail, Tex.Civ.App., 131 S.W.2d 803; Southwestern Public Service Co. v. Goodwine, Tex.Civ.App. 228 S.W.2d 925. In such cases it is only proper to offer evidence bearing upon the value and diminution of value of the land in condemnation, taking into consideration any and all uses which may be made of the property, its suitability, adaptability, surroundings, and all other conditions existing before and after the condemnation that tend to increase or diminish the present value of the land; and, too, the evidence must be direct as to the effect of the condemnation on the value of, and damage to, the real estate,— not as to any particular business presently conducted thereon, which value may change at any time.

The rule as above related is recognized by our Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 198, quoting with approval from Lewis on Eminent Domain as follows: "* * * The condition of the property, and all its surroundings, may be shown, and its availability for any particular use. If it has a peculiar adaptation for certain uses this may be shown, and if such peculiar adaptation adds to its value the owner is entitled to the benefit of it. But, when all the facts and circumstances have been shown, the question at last is, what is it (the land) worth in the market?" The Court then said: "* * * As indicated above, the correct method of adducing evidence as to market value is by witnesses, after suitable qualification, giving their opinion as to the market value of the residue before and after the taking, rather than undertaking to testify to specific items of injury and damage. See Gainesville, H. & W. Railway Company v. Hall, 78 Tex. 169, 175, 176, 14 S.W. 259, 9 L.R.A. 298, 22 Am.St.Rep. 42." In the case of City of Waco v. Messer, 124 Tex. 417, 78 S.W.2d 169, in line with the above, the Commission of Appeals in considering a charge given in the trial of the cause by which the jury was allowed to take into consideration the value of the leasehold, and, as a separate item of damage, the market value of a stand,—a business location—the Court said: "* * * the jury were allowed, in answering the special issue, to take into consideration the value of the lease of the stand and also the value of the stand. As regards the Messers, the essential basis of value respecting the lease was the use of the stand for rental purposes. The jury were allowed to assess, as an element of damage, the value of this use, as applied to the lease to Parker. At the same time, the jury were authorized by the charge to assess, as an element of damage, the value of the stand. Plainly, the charge allowed a double recovery in this respect, for the reason the value of the stand would include the value of its use for any purpose, and therefore would necessarily include the value of its use for rental purposes. The charge was erroneous in the respect shown. Since the error affects the lump sum found by the jury, and the record affords no means by which to determine accurately the extent that the verdict is vicious, we are unable to reform the judgment in this respect. International-Great Northern Ry. Co. v. Cooper, Tex.Com.App., 1 S.W.2d 578." So, in the case here, the jury found in answer to special issues, that the value of the land taken was $1,800, and the damage to the remainder of the land not taken was $1,200; hence to allow depreciation of defendants' business would be allowing double damages to the remainder on which defendants were conducting their business.

The majority holding that Priolo's business was property to be considered as part of the ultimate issue on market value of the real estate, is in conflict with the holding of this Court in Reeves v. City of Dallas, 195 S.W.2d 575, 583 (error ref. n. r. e.). In that opinion this Court quoted with approval Orgel on Valuation Under Eminent Domain, as follows: "Loss of business, profits, good will, fixtures, and costs of removal and the like suffered by the tenants are obviously not lands or real estate, or rights on interest therein in the legal sense and not within the criterion fixed by the statute." The criterion fixed by statute,

supra, is the value of the land taken and the damage to remaining land not taken.

Manifestly, the proffered testimony of Cole, evidencing Priolo's loss of profits, because, forsooth, the City in the exercise of its right of eminent domain, condemned a strip of land which included a portion of a head-in parking space, leaving space available for only two cars, where theretofore there was space for seven, is entirely too speculative, uncertain, and remote to be considered as a basis for computing and ascertaining the market value, or damage to the land. 18 Am.Jur., Eminent Domain, secs. 259, 345; Sutherland on Damages, Vol. IV, 3rd ed., secs. 1069, 1072; Lewis on Eminent Domain, Vol. 2, 3rd ed., sec. 727; Nichols on Eminent Domain, 2nd ed., Vol. 1, secs. 124, 229; id., Vol. 2, sec. 312; Orgel on Valuation under Eminent Domain, secs. 71, 76, 77; 29 Cor.Jur.Sec., Eminent Domain, sec. 162. To have permitted the owner to introduce such evidence as an independent element of damage, would have permitted the condemnor, under a like criterion (and more plausible), to introduce evidence showing that the street improvement (which converted a 20-foot graveled roadway into a 40-foot concrete road) would enhance the value or increase the profits of the business, rather than result in a detriment to same. In such a situation, the profits or value of the business would, in many instances, exceed the total value of the property condemned.

In the case of Jefferson County Traction Co. v. Wilhelm, Tex.Civ.App., 194 S.W. 448, the court held that where the condemnor had deposited the amount of the award on August 2, 1913, the right to enter upon said property accrued on that date and no subsequent use of the property by condemnor and no actual construction or works placed thereon should have been taken into consideration by the jury some months later; that in arriving at the damage, if any, caused to the remainder of said land not appropriated by the condemnor, the value of same must be limited to the date of condemnation. See City of Mart v. Hasse, Tex.Civ.App., 281 S.W. 318. So, in the case here the condemnation was had on October 10, 1949, and the hypothesis upon which Cole's proffered testimony was based, remotely and conjecturally depreciated the value of the business subsequent to condemnation.

In considering appellants' point of error and appellee's counterpoint with reference to loss of profits to defendants' business as the result of the temporary obstruction of the street in front of defendants' place of business (found by the jury to be $326), the majority holds that such item of damage is not recoverable, presumably (not expressly stated) under the authority of L-M-S, Inc., v. Blackwell, Tex.Sup., 233 S.W. 2d 286. In that case the defendant corporation erected a barricade obstructing the street in front of plaintiffs' place of business. Witnesses testified at length for plaintiffs' loss of profits and the jury found such damages to be in sum of $4,200. On the verdict the trial court entered judgment for such damages, and, on appeal, the Fort Worth Court of Civil Appeals affirmed the judgment. 227 S.W.2d 593. The Supreme Court granted defendants' application for writ of error, reversed the judgment of the two lower courts, and rendered judgment for the defendants. In the opinion, the Supreme Court said [233 S.W.2d 288]: "During the repair or construction of a building, it naturally follows that material and obstructions must be placed on the sidewalk and street, and the city has the authority to control the use of the street for that purpose. It is true that this may temporarily interfere with the use of the sidewalk and street, and may subject those who occupy buildings in that vicinity to certain inconvenience and perhaps loss of business. This is one of the risks incident to a business located in a city. Frequently the loss of business and the inconvenience suffered temporarily are more than offset by the benefits derived from the larger number of people coming to that vicinity by reason of the new construction. * * * The facts do not bring this case under Section 17 of Article I of the Constitution, which provides that 'No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made' therefor. * * * This Court in Chicago, R. I. & G. Ry. Co. v. Tarrant County Water Control and Improvement District No. 1,

supra, [123 Tex. 432, 73 S.W.2d 55] said: 'It is quite elementary that, although the Constitution provides for compensation for property damaged or destroyed, it does not require compensation to be paid in all cases for consequential loss occasioned by the exercise of the police power. 16 Tex. Jur., pp. 870, 871, §§ 221, 222; Houston & T. C. R. Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648, 70 L.R.A. 850; Gulf, C. & S. Ry. Co. v. Milam County, 90 Tex. 355, 38 S.W. 747; Cooley's Const. Lim. (8th Ed.), Vol. 2, p. 1149.'"

On the issue of damages for the temporary obstruction of the street and the allowance of $326 by the trial court, I am in accord with the holding of the majority here that such damages or loss of profits as found by the jury were not recoverable; and, manifestly, by reason of the new construction, the benefits derived from the larger number of people coming to that vicinity will more than offset the loss of business as reflected by defendants' testimony and the proffered testimony of the witness Cole in answer to the hypothetical question propounded to him. Such in effect was the finding of the jury:

"Special Issue No. 6. Do you find from a preponderance of the evidence that the defendants will suffer any loss of profits in their grocery and liquor business by reason of the taking by the City of Dallas of the strip of land in question from the front of the defendants' land?" To which the jury answered: "No."

While appellate courts may not pass upon the credibility of witnesses and the weight to be given their testimony, yet such courts are directed under Rule 434, supra, that "No judgment shall be reversed on appeal and a new trial ordered in any cause" unless the error complained of is calculated to cause and probably did cause the rendition of an improper judgment. In appellants' assignment of error they challenge the submission of the special issue No. 6, and the findings of the jury on the ground that the testimony as to the loss of "profits" to appellants' business was adversely controverted. On the uncontroverted testimony to the effect that the defendants would lose (not that they did) profits per-

force of the street improvement, how can it be said that the proffered testimony of Cole, clearly cumulative, resulted in error as to justify a reversal of this cause? The answer is apparent. The jury and the trial court in effect determined that the street improvement was more of a benefit than a deterrent to defendants' business, and thus denied any such speculative loss of profits; the conclusion evidently drawn from the fact that the improvement from a narrow graveled road with "hot-top" covering to a 40-foot cement street, was beneficial to defendants' business, and especially so in absence of evidence that such improvement resulted in a reduction in the value of defendants' premises and loss of profits to their business.

The jury having found the controlling issues in favor of the plaintiff, that is, that the defendants would have no loss of profits and that the value of their land taken in condemnation was $1,800 and the damage to the remainder $1,200, the judgment of the trial court to the extent of $3,000 should be affirmed; otherwise, as to the item of $326. The judgment of the court below should thus be affirmed in part and reversed in part; and all costs of appeal taxed against appellants.

### On Rehearing.

CRAMER, Justice.

Appellee's motion for rehearing assigns error in our holding that appellants' grocery and liquor business was Property within the meaning of the Eminent Domain Statutes; asserting that "Appellants' grocery and liquor business is not 'property' within the meaning of the Eminent Domain Statutes." In the case of Milam County v. Akers, Tex.Civ.App., 181 S.W. 2d 719, 721, writ ref., in answer to the contention that "Injury to Akers' business was not a recoverable item of damage," the Austin Court of Civil Appeals overruled such contention (paragraphs 4, 5), stating: "The second contention is overruled upon the authority of Hart Bros. v. Dallas County, Tex.Com.App., 279 S.W. 1111; Pieratt v. La Grange, Tex.Civ.App., 171 S.W.2d 377, approved as to this point, [142 Tex. 23], 175 S.W.2d 243. The assign-

ment upon which this contention is based complains of the overruling of an exception to Akers' answer setting forth the injury inflicted by the new construction upon his cattle business. The injury was not asserted as a separate item of damage but only as affecting the market value of the farm for the uses to which it was adapted and being put. As such it was a proper subject of pleading and proof. The same is true with reference to evidence of the cost of the residence and of its removal to another location (contention 3, above). These were matters having evidentiary bearing upon the issue whether and to what extent the market value of the farm had been depreciated by the new highway; the widening, rerouting and reconstruction of the old. They did not constitute the measure of damage, which was the depreciation in market value, but were proper elements for consideration in arriving at that measure. This subject is fully treated with review of authorities in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 195 and 979. The point is too well settled to require elaboration." See, also, 16 Tex. Jur., Eminent Domain, secs. 339, 343 and 349; Powell v. Houston & T. C. R. Co., 104 Tex. 219, 135 S.W. 1153, syls. 5 and 6, 46 L.R.A.,N.S., 1615.

It is clear to us that the court submitted appellants' case to the jury on an erroneous theory and that our judgment of reversal and remand was proper. The motion for rehearing is therefore overruled.